**Jeffrey L. ZABLOW**

**v.**

**The BOARD OF EDUCATION OF the SCHOOL DISTRICT OF PITTSBURGH, Pennsylvania, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1999.

Decided April 7, 1999.

Reconsideration Denied June 3, 1999.

Jane Ann Thompson, Pittsburgh, for appellant.

Samuel J. Cordes, Pittsburgh, for appellee.

Before McGINLEY, J., KELLEY, J., and JIULIANTE, Senior Judge.

McGINLEY, Judge.

The Board of Education of the School District of Pittsburgh (School District) appeals from an order [1] of the Court of Common Pleas of Allegheny County (common pleas court) that entered summary judgment in favor of Jeffrey L. Zablow (Zablow) and determined that the School District was required to give him veteran's preference under Section 7103 and 7104(b) of the Act, commonly known as the "Veterans Preference Act" (VPA), 51 Pa.C.S. § 7104(b).

Zablow, a veteran, possesses a master's degree, a Pennsylvania teaching certificate in biology and an administrative certification as a secondary principal. In April of 1990, Zablow applied for a teaching position with the School District. Zablow received a test score of 71.9 on the required examination and ranked twenty-fifth on the School District's eligibility list. The School District hired Helen Norfleet (Norfleet), a non-veteran, who ranked eleventh on the eligibility list. On February 10, 1994, Zablow was appointed by the School District to teach biology.

On July 11, 1994, Zablow commenced this civil action, alleging that he was denied veterans' preference pursuant to Section 7104(b) of the VPA, 51 Pa.C.S. § 7104(b). At Count One Zablow alleged:

---

1. The School District also appealed the following orders: 1) the order of November 19, 1997, awarding attorney's fees in the amount of $25,630.00 and costs in the amount of $496.94; 2) the order of November 19, 1997, awarding pre-judgment interest in the amount of $54,561.43; and 3) the order of November 19, 1997, entering judgment in the amount of monetary damages of $310,139.77.

5. Plaintiff [Zablow] at various times during the past three years has applied for a position with Defendant [School District].

. . . .

8. Despite possessing the requisite qualifications for a position as a teacher with the District, and despite the fact that Plaintiff's [Zablow] name appeared on an eligible list, Plaintiff [Zablow] was denied a position for the academic year beginning September 1992, and again was denied a position for the academic year beginning September 1993.

9. The actions of the Board of Education in denying Plaintiff [Zablow] a position as a school teacher deprived Plaintiff [Zablow] of property without due process of law in violation of the Fourteenth Amendment of the U.S. Constitution.

. . . .

11. Plaintiff's [Zablow] property interest in the position of school teacher stems from the . . . Act . . . § 7104(a) or (b), which mandates that a veteran who meets the requisite qualifications shall be given preference. Pennsylvania Courts have recognized that the "shall give preference["] language in the statute means that the veteran is entitled to be hired if he or she meets the requisite qualifications.

12. The failure of the Defendant [School District] to hire Plaintiff [Zablow] for either the 1992 or 1993 academic year beginning in August, 1992 or August, 1993 violates 42 U.S.C. § 1983 in that Defendant [School District], while acting under color of state law, has deprived Plaintiff [Zablow] of property rights without due process of law.

13. As a direct and proximate result of Defendant's [School District] failure to hire him, Plaintiff [Zablow] has suffered lost wages, benefits and seniority, and the opportunity to further advance his career as a teacher.

Complaint in Civil Action, July 11, 1994, Paragraphs 5, 8–9, and 11–13 at 2–3; Reproduced Record (R.R.) at 9a–10a. The School District filed an answer and new matter.

On January 25, 1996, the School District petitioned for summary judgment and alleged among other things that Zablow had "no claim under subsection (b) of § 7104 of the . . . Act . . . [that Zablow's] claim must be evaluated accordingly to § 7104(a) . . . as it applies to non-civil service employees" and that Zablow was not "qualified . . . as he did not place among the top three applicants on the eligibility list. 24 P.S. § 21–2110." Motion for Summary Judgment, January 26, 1996, Paragraphs 6–8 at 2; R.R. at 20a. Zablow cross-motioned for summary judgment and alleged that he was "entitled to preference in hiring under 51 Pa.C.S. § 7104." Motion's for Summary Judgment as to Liability, January 26, 1996, Paragraph 5 at 2; R.R. at 28a. On February 21, 1996, the common pleas court denied the cross-motions for summary judgment without prejudice and reopened discovery.[2]

On March 27, 1997, the common pleas court granted summary judgment in favor of Zablow and denied the School District's motion:

First, he [Zablow] was entitled to an additional ten points on his examination according to § 7103(a). Second, he was entitled to hiring preference pursuant to § 7104(b). . . .

Zablow passed the test; therefore, he possessed the requisite qualifications. . . .

§ 7104(b) specifically states that a veteran receive preference even if 'his name does not stand highest on the eligible or promotional list.' 51 Pa.C.S.A.

2. The common pleas court entered the following order: "I find that this case is governed by 51 Pa.C.S.A. § 7103. Although I am inclined to the opinion that § 7103(a) rather than § 7103(b) applies, I am not ruling definitely on that issue, as it was not briefed." Common Pleas Court order of February 21, 1996, at 1; R.R. at 81a.

§ 7104(b)(1976). Thus, § 7104(b) does not require that a veteran hold a certain position on the eligible list, but only that the candidate demonstrate competence or expertise. *Brickhouse [v. Spring–Ford Area School District*, 540 Pa. 176], 656 A.2d [483] at 487 [(1995)]. Zablow met the level of competence required by the School District in 1990 when he appeared on the eligible list, 25th before adjustments. With the additional ten points from § 7103(a), Zablow ranked higher on the eligible list than one Helen Norfleet, who was hired that year. Therefore, he should have been appointed at that time.

School District contends that § 7104(b) is inapplicable in this action because School District does not hire applicants through civil service examination. However, this rationale was specifically rejected in N*ortheastern Educ. Intermediate Unit # 19 v. Stephens*, 98 Pa. Commw. 249 [127], 510 A.2d 1267 (1986), when the court ruled that school teachers [Stephens was a shop instructor], who are certified through the state's Department of Education and hired pursuant to the Pennsylvania School Code, are engaged in 'civil service.' 510 A.2d at 1269.

In *Stephens*, a veteran of the Korean conflict was furloughed from his position as shop instructor with Northeastern Educational Intermediate Unit No. 19 (NEIU) based on his lack of seniority. *Id.* The Court of Common Pleas of Lackawanna County ordered that Stephens be reinstated to his teaching position because NEIU should have taken into account the time Stephens served in the armed forces in determining seniority. *Id.* NEIU appealed and argued that the term 'civil service' did not apply to Stephens. The Commonwealth Court affirmed and determined that Stephens was a civil servant within the meaning of the VPA. (footnotes omitted).

Opinion of the Common Pleas Court, February 18, 1998, at 4–6.

■ On appeal the School District contends that the common pleas court erred when it determined that Zablow was a "civil servant" and that the School District's eligibility test was a "civil service" test and therefore Section 7104(b) of the VPA controlled.[3] Summary judgment will only be granted in a clear case and the moving party must demonstrate that no material issue of fact remains. *Salerno.* The record must be reviewed in the light most favorable to the non-moving party. *Id.*

Initially, the School District contends that a teaching position in a public school is not a civil service job filled after a civil service examination. The School District asserts that the common pleas court erred when it determined that Section 7103(a) and Section 7104(b) of the VPA control.[4]

Section 7103(a) of the VPA provides:

**Commonwealth examinations.**-Whenever any soldier shall successfully pass a civil service appointment or promotional examination for a public position under this Commonwealth, or any political subdivision thereof, and shall thus establish that he possesses the qualifications required by law for appointment to or promotion in such public position, *such soldier's examination shall be marked or graded an additional ten points above the mark or grade credited for the examination,* and the total mark or grade thus obtained shall represent the final mark or grade of such soldier, and shall determine his standing on any eligible or promotional list, certified or fur-

3. Our review of a common pleas court's grant of a summary judgment is limited to a determination of whether the court erred as a matter of law or abused its discretion. *Salerno v. LaBarr*, 159 Pa.Cmwlth. 99, 632 A.2d 1002 (1993).

4. We have foregone the sequence of the School District's arguments.

nished to the appointing or promoting power. (emphasis added).

Section 7104(b) of the VPA provides:

**Name on civil service list.**-Whenever any soldier possesses the requisite qualifications, and his name appears on any eligible or promotional list, certified or furnished as the result of *any such civil service examination,* the appointing or promoting power in making an appointment or promotion to a public position shall give preference to such soldier, notwithstanding, that his name does not stand highest on the eligible or promotional list. (emphasis added).

■ Initially, we note that "[t]he decisions of the federal district courts and courts of appeal ... are not binding on Pennsylvania courts" but that "federal court's lower than the United States Supreme Court possess a persuasive authority." *Martin v. Hale Products, Inc.,* 699 A.2d 1283, 1287 (Pa.Super.1997). We find persuasive the rationale of the United States Court of Appeals for the Third Circuit in *Sullivan, et al. v. Pittsburgh Board of Public Education,* United States Court of Appeals for the Third Circuit, —— F.3d —— (No. 98–3090, 98–3091, and 98–3092, filed January 6, 1999).[5]

In *Sullivan,* Timothy J. Sullivan (Sullivan), a veteran and certified public teacher in Pennsylvania, applied for a teaching position with the Public School System (School System). Sullivan passed the eligibility examination administered by the Pittsburgh Public School Board and was ranked on the eligibility list. Sullivan did not rank among the top three applicants and was not hired. Sullivan instituted a federal class action on the behalf of similarly situated veterans who passed the eligibility examination and were not hired. Sullivan alleged that the eligibility examination was a "civil service examination" and therefore all veteran applicants were entitled to the ten preference points under

Section 7103(a) of the VPA as well as the veteran's preference under Section 7104(b). Alternatively, Sullivan contended that the class of veterans was entitled to preference under Section 7104(a) of the VPA. The United States District Court rejected the civil service examination arguments but determined that the veterans were entitled to preference under Section 7104(a) if they ranked among the top three applicants as required by Section 2110 of the Public School Code of 1949 (School Code)[6], 24 P.S. § 21–2110.

■ On appeal Sullivan challenged the U.S. District Court's determination that the eligibility examination was not a "civil service examination" and that a veteran must rank among the top three applicants on the eligibility list to be considered qualified for the teaching position. The U.S. Court of Appeals for the Third Circuit rejected these arguments:

We view the Act ... as providing for different ramifications depending upon the nature of the examination for a given public position. We view the term 'civil service examination' as used in the Act to be a term of art, and thus referring not to eligibility examinations for public positions in general, but to those examinations administered by those [sic] Civil Service Commission. We consider this interpretation of the Act to be the clearest, most logical reading of the statute and do not find an intent for the words 'civil service examination' to be given anything other than their technical meaning. See 1 Pa.C.S. § 1903(a)(1995) ('[T]echnical words and phrases and such others as have acquired a peculiar and appropriate meaning ... shall be construed according to such peculiar and appropriate meaning or definition.'); *Jeter v. Owens–Corning Fiberglass Corp.,* 716 A.2d 633, 638 (Pa.Super.Ct.1998) (explaining that

---

**5.** Zablow declined to be a party in the federal class action and elected to litigate before the common pleas court.

**6.** Act of March 10, 1949, P.L. 30, *as amended.*

there was a difference between the dictionary definition over a technical definition). In so doing, we reject the reading of the Court of Common Pleas of Allegheny County in *Zablow v. Board of Education* which erroneously assumed that *Northeastern Education [Educational] Intermediate Unit # 19 v. Stephens*, [98 Pa.Cmwlth. 127,] 510 A.2d 1267 (Pa.Commw.Ct.1986) controls in this situation without considering the wholly different context under which Northeastern Education discussed the Act. Northeastern Education is clearly distinguishable from this case, and thus from *Zablow*, since it was discussing the meaning of the term 'civil service' under § 7107, a more general section of the Act that discusses positions in public employment and does not discuss 'civil service examinations' as in § 7103 and § 7104, and did not consider the effect of its construction on the rest of the Act.[7] Further, if we were to accept appellants' [Sullivan and veterans] suggested interpretation of the Act, it would negate any distinction between § 7104(a) and § 7104(b) and thus would violate the rule of statutory construction that the legislature is presumed not to have intended its laws to contain surplusage. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. McCabe*, [163 Pa.Cmwlth. 11] 644 A.2d 1270, 1272 (Pa.[Cmwlth.]1993) (an object of statutory interpretation is to give effect to all the statute's provisions).

*In this case, although applicants are required to take an examination in order to be considered eligible for a teach-ing position, the exam is administered by a school board, not the Civil Service Commission, and therefore is not a 'civil service examination.'* Thus § 7103 is inapplicable since this section only applies to positions for which applicants are required to take civil service examinations, and not just to any public position that requires an eligibility exam. Likewise, § 7104(b) does not apply since this section applies only to applicants on an eligibility list 'as any such civil service examination.' § 7104(b). We hold, therefore, that the District Court was correct in ruling that § 7103 and § 7104(b) do not apply to give appellants [Sullivan and veterans] a preference, but that § 7104(a), which applies when 'no such civil service examination is required,' does apply to give appellants [Sullivan and veterans] a preference under the Act .... (footnote omitted, and emphasis and footnote added).

*Sullivan*, slip opinion at 8–11. Accordingly, Section 7103(a) and Section 7104(b) of the VPA do not apply to Zablow and the common pleas court erred.

The School District next contends that Zablow was not entitled to veteran's preference pursuant to Section 7104(a) of the VPA because he failed to rank among the top three applicants and lacked the requisite qualifications for a teaching position in 1990. The School District asserts that it was not until February of 1994 when Zablow was hired that he attained the requisite qualifications pursuant to Section 2110 of the School Code, 24 P.S. § 21–2110 and was entitled to veteran's preference under 7104(a) of the VPA, 51 Pa.C.S. §§ 7104(a).

7. In *Northeastern Educational*, this Court noted:

Thus, *in the instant case, which does not concern promotion or appointment, there is no need to inquire whether Appellee's [Stephens] military experience is directly related to his present teaching position for purposes of computing seniority for furlough because first, Appellee [Stephens] will only maintain, not enhance, his status and second, Appellee's [Stephens] competency in the po-sition he seeks to retain has already been established so there is no possible detriment to the Commonwealth. (emphasis added). Id.* at 1273. Because *Northeastern Educational* is distinguishable from the present matter this Court's decision does not overrule *Northeastern Educational*. *See* Internal Operating Procedure of the Commonwealth Court of Pennsylvania, Section 257 (Decisions Overruling Previous Decisions) at 8–9.

Section 2108 of the School Code, 24 P.S. § 21–2108 provides that "[t]he board of public education in each *school district of the first class* shall prescribe the ... modes of determining the qualifications of applicants for positions as ... teachers ... and *shall designate the kinds of grades ... which may or shall be used ....*"[8] (emphasis added). Section 2109 of the School Code, 24 P.S. § 21–2109 provides for "a board of examiners, whose duty it shall be to examine all applicants for place upon any eligible lists required by this act" and that "[t]he superintendent of schools shall ... *prescribe such examination* as, upon his recommendation, the board of public education may approve, or as its rules may direct." (emphasis added). Section 2110 of the School Code, 24 P.S. § 21–2110 provides that "no person shall be appointed ... *in school districts of the first class,* whose name does not appear *among the three highest names* upon the proper eligible list." (emphasis added). Finally, Section 7104(a) of the VPA provides:

> **(a) Non-civil service.**-Whenever any soldier possesses the requisite qualifications and is eligible to appointment to or promotion in a public position, *where no such civil examination is required,* the appointing power in making an appointment or promotion to a public position shall give preference to such soldier. (emphasis added).

In *Brickhouse v. Spring–Ford Area School District,* 540 Pa. 176, 656 A.2d 483 (1995)[9] our Pennsylvania Supreme Court addressed the pursuant to Section 7104(a) of the VPA when the other applicants are non-veterans.[10] The Supreme Court stated:

It is clear that there must be a reasonable relation between the basis of the preference (being a veteran) and the object to be obtained (preferring veterans to properly perform public duties). In other words, veterans are not to be preferred in the assignments of public jobs merely on the strength of being veterans. They must be, in some sense, 'qualified.'

[*Commonwealth ex rel. Graham v.*] *Schmid* [333 Pa. 568, 3 A.2d 701 (1938)] also aids in defining the meaning of 'qualified.' Veterans who seek to take advantage of the act must be able to accomplish 'proper performance of public duties.' That is, a veteran seeking to take advantage of the preference mandated by the act must be able to demonstrate his ability to perform the job at the level of skill with the expertise demanded by the employer. Such a demonstration would establish that he will be able to 'properly perform' the duties. Since the applicant must demonstrate his ability to perform, merely having the appropriate certification or licensure, without more, would not serve to qualify an applicant for the job. Thus, Brickhouse's assertion of qualification based on minimal age, good moral character and certification to teach, must fail. These features may establish a veteran's eligibility to be considered for the position, but they will not establish that he is 'qualified' for the job.

....

If it is required, as a matter of public policy, as we have held, that a person who is preferred under the Veterans' Preference Act must be able to demonstrate his ability to perform the job in

8. The Board of Education of the School District of Pittsburgh is a school district of the first class.

9. In *Brickhouse*, G. Gordon Brickhouse (Brickhouse) had applied for a secondary social studies teaching position. Brickhouse, a Vietnam veteran, had one year's experience teaching social studies with other experience in non-related teaching areas. The Spring–

Ford Area School District hired Andrew Ruppert, a non-veteran, who possessed excellent academic credentials (3.78 grade point average) and favorable evaluations as a long-term substitute teacher.

10. In *Brickhouse*, the School District did not administer an eligibility test.

question at the level of expertise demanded by the employer, then the employer must be free to set the hiring requirements of that job as they reasonably relate to the duties to be performed in order to ensure that the person hired will be competent.

*Id.* at 182–83, 656 A.2d at 486–87.

In the present controversy, the applicant's score in five separate categories with a maximum score of 100 points determined placement on the School District's eligibility list.[11] Zablow's total score was 71.9 and he ranked twenty-fifth on the eligibility list for 1990. Zablow was not hired because he was not one of the three highest ranked applicants as outlined in Section 2110 of the School Code. In 1992 and 1993 the Pittsburgh Board of Education added fifteen percent to the total of the three test scores (NTES, NTEC, and TASK) for all veterans. As a result Zablow's score increased to 74.9 (thirty-third on the list) in 1991, 77.6 (twenty-second on the list) for 1992 and 77.6 (ninth on the list) for 1993. Zablow's Rank on Biology Eligibility List Run 1990–1993, at 1; R.R. at 84. Zablow was hired in 1994.[12] However, the record indicates that Norfleet, a non-veteran, was hired in 1990 although she ranked eleventh on the eligibility list. It is unclear if Norfleet was eventually one of the three highest ranked applicants due to the unavailability of higher ranked applicants.[13] In fact, the record fails to identify the three qualified or highest ranked

applicants for the position when Norfleet was appointed in 1990. Because the common pleas court limited its review to veteran's preference under Section 7104(b) (name on civil list), and not Section 7104(a) (non-civil service) of the VPA, we must reverse and remand for the learned trial judge to determine if Zablow was one of the three qualified applicants in 1990 for the biology position and should have been appointed, taking into consideration the preference under Section 7104(a) of the VPA.

Accordingly, we reverse and remand for proceedings consistent with this opinion.

### ORDER

AND NOW, this 7th day of April, 1999, the order of the Court of Common Pleas of Allegheny County is reversed and the present matter is remanded for a determination, first, whether Jeffrey L. Zablow placed among the top three applicants on the eligibility list and was therefore qualified for appointment to the biology teacher position in 1990, and second, if he was so qualified whether Jeffrey L. Zablow should have been appointed, taking into consideration the preference he is entitled to under Section 7104(a) of the VPA.

Jurisdiction relinquished.

11. The requirements consisted of the following: a) Either the PTCTP Basic Skills, General Knowledge, and Professional Knowledge Tests or the NTE Communication Skills and Professional Tests (maximum five points); b) Either the PTCTP Specialization Area Test OR the NTE Specialty Area Test (maximum ten points); c) Evaluation of Credentials (maximum thirty points); d) Panel Interview (maximum forty points); and e) Content Specific Criteria (maximum of fifteen points). Pittsburgh Public Schools, Requirements at 1; R.R. at 74a.

12. The School District contends that even if the ten preferential points were added to Zablow's 1990 score he would not have placed among the three highest names.

13. Zablow queried as to the following: "As to all applicants hired from the biology eligibility lists from 10–2–90 to 2–10–94, please provide ... (c) the applicant's rank on the eligibility list at the time of hire." The School District's responded: Helen Norfleet, Aug. 1990–11." Defendant's Responses to Plaintiff's First Set of Interrogatories, Response to Interrogatory No. 4; R.R. at 87a. We note that for the 1991–92 and 1992–93 school years the School District listed the applicants hired as teachers and their rankings. *See* Defendant's Responses to Plaintiff's First Set Of Interrogatories, Response No. 4; R.R. at 87a.