**Julian HEICKLEN, Petitioner,**

v.

**PENNSYLVANIA BOARD OF ELECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 10, 2000.

Decided March 10, 2000.

Publication Ordered May 15, 2000.

Julian Heicklen, petitioner, pro se.

Lisa W. Basial, Deputy Atty. Gen., Harrisburg, for respondent.

MORGAN, Senior Judge.

Before the Court are respondent's preliminary objections to a document filed by petitioner, Julian Heicklen, entitled "Request to Hold a Primary Election in 2000." Petitioner, who is the chairman of the Centre County Libertarian Party, requested petitions from the Secretary of the Commonwealth for the nomination of candidates of the Libertarian Party in Centre County at the Primary Election set for April 4, 2000. The Secretary declined to provide the petitions, stating that the Libertarian Party is a "minor political party" as defined by Section 912.2 of the Election Code, 25 P.S. § 2872.2[1] and therefore is required to nominate its candidates "in accordance with the requirements of section 951, other than subsection (e)(6) and (7) thereof." Section 951, 25 P.S. § 2911, provides for nomination of candidates by nomination papers rather than at the primary election.

Petitioner maintains that the Libertarian Party of Centre County polled 6.4% of the total votes cast for Recorder of Deeds in the 1999 General Election in Centre County, and therefore is entitled to hold a primary in Centre County pursuant to section 801(b) of the Election Code, 25 P.S.

§ 2831(b). Section 801(b) provides in relevant part that

> Any party or political body, one of whose candidates at either the general or municipal election preceding the primary polled at least five per centum of the largest entire vote cast for any elected candidate in any county, is hereby declared to be a political party within said county; and shall nominate all its candidates for office in such county and in all political districts within said county, or of which said county forms a part, and shall elect such party officers as its rules provide shall be elected therein, by a vote of the party electors, in accordance with the provisions of this act.

Respondent has filed preliminary objections, arguing that petitioner has failed to state a cause of action because section 912.2 clearly modifies and supersedes section 801(b). Section 912.2 states in relevant part that

> Notwithstanding any other provision of this act to the contrary, minor political parties shall nominate all of their candidates ... in accordance with the requirements of section 951 ... and shall obtain the required signatures during the same time frame available to political bodies.[2]

Petitioner, to the contrary, contends that the two sections may be reconciled because section 951, 25 P.S. § 2911, begins with the phrase "in addition to the party nominations made at primaries...." According to petitioner, because section 801(b) clearly authorizes party primaries where certain requirements are met, the addition of section 912.2 and its reference to section 951, coupled with the introductory language quoted above, merely accords

---

1. Act of June 3, 1937, P.L. 1333, *as amended.* Section 912.2 was added by the Act of February 19, 1986, P.L. 29.

2. 'Minor Political Parties" are defined by section 912.2 as "a political party as defined in section 801(a) or (b) whose State-wide registration is less than fifteen per centum of the combined Stated-wide registration for all State-wide political parties as of the close of

the registration period immediately preceding the most recent November election." Petitioner concedes that the Libertarian Party meets the definition of "Minor Political Party." Section 951 of the Election Code, 25 P.S. § 2911 sets forth the methods of nominations by political bodies, a method that is separate from the primary election process.

minor political parties the choice of holding a primary or nominating by nomination papers.

We begin by noting that petitioner here presents no constitutional challenge to the statutory framework. In fact, the statutory scheme has survived a federal constitutional challenge directed at it in *Patriot Party of Pennsylvania v. Mitchell,* 826 F.Supp. 926 (E.D.Pa.1993), *aff'd without opinion,* 9 F.3d 1540 (3d Cir.1993). Rather, we are asked only to determine whether the statutory scheme is sufficiently clear so as to sustain the preliminary objections and dismiss petitioner's action.[3]

Petitioners in the *Patriot Party* case presented the same argument to the District Court as that advanced by petitioner here, and requested that the federal court abstain from deciding the matter due to the ambiguity of the underlying state law. Petitioners there contended that the introductory phrase of section 951 provided minor political parties with ballot access via two separate avenues: by nominating papers or by primaries. 826 F.Supp. at 931. Judge Cahn of the Eastern District dismissed this argument by noting that section 912.2 also states that minor political parties "shall obtain the required signatures during the same time frame available to political bodies." *Id.* at 932 (citing section 912.2). Judge Cahn concluded that "had the legislature wanted both avenues to be available to minor political parties, then it would have specifically mentioned both in § 2872.2(a)." *Id.*

▪ Opinions of a federal court on issues of state law are, of course, not binding on this Court *Zablow v. Board of Edu-*

*cation of the School District of Pittsburgh,* 729 A.2d 124 (Pa.Cmwlth.1999). They may, however, be persuasive. In the present case, we are not insensitive to the confusion caused by the addition of section 912.2, which at first blush appears completely contrary to section 801(b) and other sections of the Election Code.[4] The Election Code, perhaps more so than other statutes, should be able to be understood by the average citizen who seeks to exercise his or her rights as an elector or potential candidate for office without resort to legal treatises or principles of statutory construction. The fact that at least in this instance it is not suggests that the legislature should act to clarify the provisions at issue here. Obtuse and confusing language notwithstanding, however, we must agree with federal court that section 912.2 is capable of only one meaning; that minor political parties must nominate candidates by nomination papers pursuant to section 951 and are not entitled to participate at party primaries. In addition to the language cited by Judge Cahn, we note that section 912.2 begins with the phrase "[n]otwithstanding any other provision of this act to the contrary...." Therefore, the effect of section 912.2 is to repeal those provisions of section 801(b) that would have allowed the Libertarian Party of Centre County to field candidates in the primary election of April 4, 2000.

Accordingly, the preliminary objection in the nature of failure to state a cause of action must be sustained.[5]

## *O R D E R*

AND NOW, this 10th day of March, 2000, following argument on respondent's

---

3. Preliminary objections should be sustained only in cases that are clear and free from doubt. Wurth v. City of Philadelphia, 136 Pa.Cmwlth. 629, 584 A.2d 403 (1990).

4. By way of example, section 901(b) of the Election Code, 25 P.S. § 2861(b) provides that "[e]ach county board shall determine which organizations are political parties within the county, within the meaning of section 801(b), and shall ... transmit to the Secretary of the Commonwealth a list of said political

parties which shall be entitled to nominate candidates at primaries in said county." This section clearly contemplates that parties defined as such under section 801(b) shall nominate at primary elections.

5. Because of our disposition of this matter, we do not reach respondent's preliminary objection as to petitioner's alleged lack of standing to request primary elections in counties other than Centre County.

preliminary objections, the preliminary objection for failure to state a cause of action is SUSTAINED and the above-captioned matter is DISMISSED.