634 A.2d 768

**Diane MANN**

v.

**LOWER MAKEFIELD TOWNSHIP.**

**Appeal of Marvin CHAMLIN and Ruth Chamlin, his wife, James Robert Canada, and Minnette Canada, his wife, David J. Truelove and Elizabeth S. Truelove, his wife, and Philip Flynn and Christine Flynn, his wife, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1993.

Decided Nov. 24, 1993.

Francis J. Sullivan, for appellants.

Mark E. Goldberg and Brian M. Puricelli, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Marvin Chamlin and Ruth Chamlin, his wife, James Robert Canada and Minnette Canada, his wife, David J. Truelove and Elizabeth Truelove, his wife, and Philip Flynn and Christine Flynn, his wife, residents of Lower Makefield Township (the residents), appeal from the order of the Court of Common Pleas of Bucks County, which struck a condition imposed on the special exception granted to Diane Mann (Dr. Mann). We affirm.

In the spring of 1991, Dr. Mann applied to the Lower Makefield Township Zoning Hearing Board (the Board) for a special exception to allow the operation of a clinical psychology office in her house as an accessory use. Following hearings, the Board denied the application, and Dr. Mann appealed to the Court of Common Pleas. The court took no additional evidence, reversed the denial, and remanded the case to the Board with directions to grant the special exception, subject to appropriate conditions, if any.[1]

On remand, the Board granted the special exception, subject to eleven conditions. Condition 4 required Dr. Mann to provide six off-street parking spaces, each having individual direct access to the street. Dr. Mann again appealed, and the trial court ordered that Condition 4 be stricken.

1. The residents appealed this order; Dr. Mann filed a motion to quash the appeal on the grounds that it was interlocutory in nature and, therefore, not appealable. The parties entered into a stipulation agreeing to have the appeal quashed but preserving all issues raised should a subsequent appeal be filed.

■ On appeal to this Court,[2] the residents raise the following issues: (1) the trial court erred in refusing to remand the case back to the Board to allow the residents to present additional testimony; (2) the court erred in ordering the Board to grant the special exception; and (3) the court erred in striking Condition 4.

The residents argue that the trial court erred in refusing to remand. They contend that the refusal denied them the opportunity to present evidence which would show that the proposed use did not meet the objective criteria of the zoning ordinance, and which would support their burden of proving that the proposed use was contrary to the health, safety and welfare of the community.

Initially, the Board had refused to hear additional testimony from three witnesses on behalf of the residents: an engineer, a real estate appraiser and a land title examiner. On appeal, the trial court refused to remand the case to allow the residents to present this same testimony. The court concluded that the engineer's testimony would have only confirmed what was already uncontradicted, i.e., that Dr. Mann could provide six off-street parking spaces on her property but not all would have direct access to the street. The court also reasoned that the real estate appraiser would have testified regarding the impact of the office on local property values, but such impact is not determinative in granting a special exception. *Mignatti Construction Company, Inc.'s Zoning Application*, 3 Pa.Commonwealth Ct. 242, 281 A.2d 355 (1971). Finally, the court found that the title examiner would have testified with regard to deed restrictions, but the residents conceded that this testimony is irrelevant. We agree with the trial court's conclusion that a remand to allow this testimony would serve no useful purpose.

2. Our scope of review of a decision of a zoning hearing board where a trial court takes no additional evidence is limited to a determination of whether the zoning hearing board abused its discretion or committed an error of law. *Valley View Civic Assoc. v. Zoning Hearing Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

Although the residents allege that an oral request for a remand was made during a conference in chambers, there is no transcript of this conference and, therefore, no record of the request. The court was correct in stating that no formal documented request for a remand was made, and absent a formal request the court did not err in refusing to remand the case. The residents next argue that the court erred in ordering the Board to grant the special exception. A special exception is a conditionally permitted use, legislatively allowed where specific standards detailed in an ordinance are met. *Lafayette College v. Zoning Hearing Board*, 138 Pa.Commonwealth Ct. 579, 588 A.2d 1323 (1991). An applicant bears the initial burden of proving that the proposed use complies with the objective requirements of the zoning ordinance. *Birmingham Twp. v. Chadds Ford Tavern*, 132 Pa.Commonwealth Ct. 312, 572 A.2d 855 (1990). Thereafter, the burden shifts to those who oppose the application to prove that, if allowed, the use would be detrimental to the public health, safety and welfare. *Bray v. Zoning Board of Adjustment*, 48 Pa.Commonwealth Ct. 523, 410 A.2d 909 (1980). Once an applicant proves that the proposed use complies with the specific standards in the ordinance, the special exception may not be denied unless the opponents have carried their burden. *Dotterer v. Zoning Hearing Board*, 138 Pa.Commonwealth Ct. 615, 588 A.2d 1023 (1991).

Section 12.136(b) of the zoning ordinance sets forth the requirements for an accessory office as a special exception. Subsection 12.136(b)(4) provides that: "An accessory office shall not in any way alter the residential character of the neighborhood nor in any way adversely affect the safe and comfortable enjoyment of the individual property right of the neighborhood in which the use is located."

We agree with the trial court's conclusion that, although far from clear, it appears that the Board denied the application based upon subsection 12.136(b)(4). As this provision sets forth general, non-objective requirements, the burden is on the objectors to prove that the impact of the requested use would be injurious to the public health, safety

and welfare. *Bray*. The residents expressed concerns regarding the potential impact of the accessory use on traffic and on the nature of the neighborhood, and also expressed fears of possible harm to their children by Dr. Mann's clients. But these unsupported allegations do not constitute evidence that there is more than a mere speculation of harm. *Abbey v. Zoning Hearing Board*, 126 Pa.Commonwealth Ct. 235, 559 A.2d 107 (1989). Furthermore, the allegations were rebutted by Dr. Mann's testimony regarding the nature of her practice. As the record contains insufficient evidence to demonstrate that this use would adversely affect the public health, safety or general welfare, the court properly ordered the Board to grant the special exception.

The ultimate question before this Court is whether the trial court erred in striking Condition 4 as imposed by the Board. While not expressly stated by the trial court, the condition reflects the Board's erroneous interpretation of the ordinance, i.e., that the six off-street parking spaces required for an accessory use must each have individual access to the street.

Section 12.222(a) of the zoning ordinance requires that all residential uses furnish 2.5 off-street parking spaces per dwelling unit. Section 12.136(b)(7) requires that applicants for a special exception must provide a minimum of three off-street parking spaces in addition to spaces otherwise required. A parking space is defined in Section 12.8(88) as an off-street space on a lot with an all weather surface available for the parking of one motor vehicle and "having an area ... exclusive of ... driveways ... and having individual, direct access to a street without moving another vehicle."

The residents' argument that this definition applies to all residential uses is illogical, because such an interpretation would require each residence, used only as a residence, to have a three-car garage, as the definition calls for space "exclusive ... of driveways". In fact, the record indicates that most residences in the township have only one or two-car garages. We can reasonably assume that most residents can comply with the minimum requirement of three off-street spaces only if the driveway area is included as space for

parking, and only if each space is not required to have direct access to the street.

Furthermore, the record indicates the Board believes that the granting of the special exception converts the residential property into a business property, to which the definition of a parking space logically applies. However, the accessory use as an office depends upon the continued primary use as a residence, and the Board required as much as a condition of approval.

[8–10]  An ordinance, like a statute, must be construed, if possible, to give effect to all of its provisions. *Fidler v. Zoning Board of Adjustment,* 408 Pa. 260, 182 A.2d 692 (1962).  Interpretation of an ordinance which produces an absurd result is contrary to the rules of statutory construction. Section 1922(1) of the Statutory Construction Act, 1 Pa.C.S. § 1922(1). *Kratzer v. Board of Supervisors,* 148 Pa.Commonwealth Ct. 454, 611 A.2d 809 (1992).  The language of the ordinance must be construed in light of the purpose of the legislation. *Cloverleaf Trailer Sales Co. v. Pleasant Hills Borough,* 366 Pa. 116, 76 A.2d 872 (1950).

Application of the definition of a parking space to a residential use would effectively negate the provisions of the ordinance which allow for special exceptions.  As the record indicates, the residences in this neighborhood cannot provide parking for six vehicles which can access the street without moving another vehicle.  In addition to an application for a special exception, an applicant would also have to obtain permission to construct additional parking spaces and/or access to the street.  Surely such construction would alter the character and nature of the neighborhood far more than would the operation of a professional practice which used existing space for parking, thus making permission for such construction difficult to obtain.[3]  We, therefore, conclude that the

3.  As the Board noted, an applicant would need approval for additional paving from the township engineer to ensure compliance with dimensional requirements, and to ensure that drainage resulting from additional paving did not affect neighboring property.  An applicant would

definition of parking spaces in the ordinance was not meant to apply to single family dwellings.

Accordingly, the order of the trial court striking Condition 4 on the special exception granted to Dr. Mann is affirmed.

## ORDER

NOW, November 24, 1993, the order of the Court of Common Pleas of Bucks County, No. 91–6461056, dated February 26, 1993, is affirmed.

also need to comply with any set-back requirements, yard regulations, etc.