The order entering summary judgment is affirmed.

ROWLEY, P.J., did not participate in the consideration or decision of this appeal.

**GLENDON ENERGY COMPANY,**
**Appellant,**

v.

**The BOROUGH OF GLENDON,**
**Glendon Borough Council.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1994.

Decided Feb. 24, 1995.

Reargument Denied April 28, 1995.

David J. Brooman, for appellant.

Charles W. Elliott, for appellee Borough of Glendon.

Before PELLEGRINI and KELLEY, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

Glendon Energy Company (GEC) appeals from a June 3, 1993 order of the Court of Common Pleas of Northampton County (trial court) which affirmed the decision of the Glendon Borough Council (borough) denying GEC's conditional use application.

On February 28, 1992, pursuant to the 1987 Glendon Zoning Ordinance (zoning ordinance), GEC submitted to the zoning officer of the Borough of Glendon a conditional use application.[1] GEC proposed to construct a resource recovery facility on a 34 acre plot owned by GEC and located in the industrial-office (I–O) district of the borough. A resource recovery facility is an approved conditional use in the I–O district pursuant to section 4–5.31 of the zoning ordinance. *See* Original Record, Glendon Zoning Ordinance, Section 4–5.31, p. 20.

The Glendon Planning Commission held a public meeting on the application and, on May 6, 1992, recommended that the borough approve the application. On May 26, 1992, the borough held a public hearing on the application at which time testimony was taken and other evidence in support of the application was submitted.

On May 27, 1992, the borough released a decision denying GEC's application. The borough based its denial upon findings that

GEC had failed to comply with the following four substantive sections of the zoning ordinance:

1. Section 6–4.1402 which provides that the site and the facility shall comply with all applicable Federal and State rules, regulations and requirements and in all cases the most stringent requirements shall apply.

*See* Original Record, Glendon Zoning Ordinance, Section 6–4.14 Resource Recovery Facility, p. 56.

2. Section 6–4.1411 which provides that all loading and unloading shall be conducted within the confines of a building and all buildings except incinerators shall be set back at least one hundred (100) feet from all street and property lines. Incinerators shall be set back at least two hundred (200) feet from all street and property lines.

*See* Original Record, Glendon Zoning Ordinance, Section 6–4.14 Resource Recovery Facility, p. 57.

3. Section 6–4.1404 which provides that each facility shall be operated and maintained in such manner as to prevent health hazards, environmental degradation, the attraction, harborage or breeding of insects, rodents or vectors, and to eliminate conditions which create safety hazards or public nuisances or which impose an undue burden upon the borough or its municipal services infrastructure.

*See* Original Record, Glendon Zoning Ordinance, Section 6–4.14 Resource Recovery Facility, p. 56.

1. The provisions of the zoning ordinance require that where a use requires a conditional use approval by the borough council, the applicant shall submit the required material to the zoning officer. The zoning officer then is required to forward copies of the completed application to the borough council and the Glendon Planning Commission. Thereafter, the borough council shall take action on the conditional use application in accordance with section 6–2, procedure for conditional use, of the zoning ordinance. *See* Original Record, Glendon Zoning Ordinance, Section 8–6 Conditional Uses, p. 72–73.

Section 6–2 of the zoning ordinance provides as follows:

The Borough Council shall make a determination that the proposed conditional use will or will not be permitted pursuant to the procedures set forth in Section 8–6. The use shall be permitted if the standards and criteria set forth in Section 6 are met. The use shall not be permitted if the standards and criteria set forth in this section are not met. The Borough Council may attach reasonable conditions and safeguards which are necessary for the protection of the public health, safety, general welfare, or morals of the community in the permitting of a Conditional Use.
*See* Original Record, Glendon Zoning Ordinance, Section 6–2 Procedure for Conditional Use, p. 48.

4. Section 6–4.1413 which provides that the facility shall comply with the industrial and research center performance standards contained in Section 5–4 of the zoning ordinance.[2]

*See* Original Record, Glendon Zoning Ordinance, Section 6–4.14 Resource Recovery Facility, p. 57.

GEC appealed the borough's denial of its conditional use application to the trial court. The trial court determined that the borough had abused its discretion with regard to its findings concerning sections 6–4.1404 and 6–4.1413.[3]

■ The trial court upheld the borough's denial of GEC's application based upon: (1) the failure of the proposed resource recovery facility to comply with all state rules, regulations and requirements as required by section 6–4.1402 of the zoning ordinance; and (2) the failure of the proposed facility to comply with the 200 foot incinerator set back requirement found in section 6–4.1411 of the zoning ordinance. Accordingly, the trial court affirmed the decision of the borough denying GEC's conditional use application. GEC now appeals to this court.[4]

On appeal, GEC raises the following issues for review:

Whether the trial court erred in upholding the borough's denial of GEC's conditional use application:

A. Based upon the borough's prediction of how the Department of Environmental Resources (DER) would rule on GEC's pending solid waste permit application;

B. Based upon the alleged failure to comply with the 200 foot incinerator setback requirement of the zoning ordinance, § 6–4.1411; and

C. Where the borough's findings were not supported by substantial evidence, and where the borough misapplied the burden of proof.

■ As stated previously, the zoning ordinance provides that a resource recovery facility is permitted as a conditional use in the I–O district. Conditional use ordinances are evidence that the municipality has determined that the particular use is not adverse to the public interest *per se*. *Visionquest National v. Board of Supervisors*, 524 Pa. 107, 112, 569 A.2d 915, 917 (1990). An applicant for a conditional use must prove that the standards set forth in the zoning ordinance have been met. *Bureau of Corrections*. Once an applicant for a conditional use permit has presented evidence to establish the specified standards in the ordinance, the application must be granted, unless the protestors to such an application have presented sufficient evidence that such a use would pose a substantial threat to the community. *Visionquest*.

■ First, GEC argues on appeal that the trial court erred in allowing the borough to deny GEC's conditional use application based upon the borough's conjecture as to how

2. Section 5–4 of the zoning ordinance governs industrial and research center performance standards regarding glare, vibration, electrical interference, and noise. *See* Original Record, Glendon Borough Ordinance, Section 5–4, Industrial and Research Center Performance Standards, p. 30.

3. The borough found that GEC's application failed to establish what specific measures would in fact be taken to control noise levels and that the application did not resolve the high potential for traffic congestion presented by the proposed use. The trial court found that GEC had met its burden through the environmental noise level study and testimony presented at the hearing before the borough that GEC would comply with the zoning ordinance's maximum noise levels as set forth in section 5.4 of the zoning ordinance. Further, the trial court held it was the burden of

the objectors to produce evidence that the proposed facility will not comply with section 6–4.1404 of the zoning ordinance and that no one except GEC came forward with any evidence whatsoever regarding GEC's inability or intention to comply with this section. The Borough of Glendon has not appealed from the trial court's decision with respect to these issues.

4. Where the trial court took no additional evidence, this court's scope of review is limited to determining whether the borough committed an abuse of discretion or error of law. *Bureau of Corrections v. Pittsburgh City Council*, 516 Pa. 75, 532 A.2d 12 (1987). Only if the findings of the borough are unsupported by substantial evidence may we hold that there has been an abuse of discretion. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Id.*

DER might rule on GEC's solid waste permit application. GEC contends that conditional use approval should have been granted, conditioned on issuance of the DER permit.

The borough denied GEC's conditional use application because the application showed that the resource recovery facility would continue to violate applicable siting standards established by section 511 of the Municipal Waste Planning, Recycling and Waste Reduction Act[5] (Act) and, therefore, the use did not comply with all applicable federal and state rules, regulations and requirements as required by section 6–4.1402 of the zoning ordinance. Section 511 of the Act provides in pertinent part:

> **(a) General rule.**—The department shall not issue a permit for, nor allow the operation of, . . . a new resource recovery facility within 300 yards of . . . parks or playgrounds existing prior to the date the department has received an administratively complete application for a permit for such facilities.

53 P.S. § 4000.511(a).

After reviewing a prior decision of this court,[6] the provisions of the Pennsylvania Solid Waste Management Act[7] and DER regulations, the borough found that the conditional use application, including plans, showed that located within 300 yards of a park were (1) proposed landscaping of the GEC facility; (2) proposed construction of septic tank and lateral field, piping from the lift station to the septic tank; (3) 12–inch water line for facility water supply; and (4) new chain link fence for facility access control. The borough noted that DER has not issued any permit, permit modification, or plan approval for the resource recovery facility and the record disclosed no such approval. Accordingly, the borough found that the record failed to establish, even aside from the 300 yard limitation issue, that all applicable state rules, regulations and requirements have been, are, or will be met.

The trial court affirmed the borough's decision with respect to the proposed location of the lateral field and septic tank and disagreed with the borough's contention that the fencing and shrubbery were part of the facility. In affirming, the trial court stated that:

> Obviously the borough has no power to grant or deny the [DER] solid waste permit, which is the real subject of Section 511 of the Act 101. However, in the absence of proof that the DER has, in fact, granted the required permit, the Borough does have the power to determine, upon competent evidence, whether the applicant has met the isolation requirement of Section 511—that is, to determine whether a permit *would have issued* if the DER had had an opportunity to consider the matter.

Trial Court opinion, p. 10 (emphasis in original).

We agree with the trial court's conclusion that the borough has no power to grant or deny the DER solid waste permit which GEC has sought from DER. DER is responsible for administering the issuance of its own permits. It is for this very reason that we disagree with the trial court's determination that the borough was correct in

---

5. Act of July 28, 1988, P.L. 556, *as amended,* 53 P.S. § 4000.511.

6. GEC was granted a conditional use for a resource recovery facility by the borough in 1987 and when the grant of the conditional use was challenged, this court determined that the borough's actions were a valid grant of conditional use approval to GEC. *See Glendon Civic Association v. Borough of Glendon,* 132 Pa.Commonwealth Ct. 307, 572 A.2d 852, *petition for allowance of appeal denied,* 525 Pa. 660, 582 A.2d 326 (1990). In 1992, this court invalidated a solid waste permit granted to GEC for the construction and operation of a resource recovery facility in the borough because the facility was located within the 300 yard setback found in section 511(a) of the Act. *See Borough of Glendon v. Department of Environmental Resources,* 145 Pa.Commonwealth Ct. 238, 603 A.2d 226, *petition for allowance of appeal denied,* 530 Pa. 657, 608 A.2d 32 (1992). This court found that the proposed facility was a new facility to be located within 300 yards of a park.

Subsequently, GEC acquired additional contiguous real estate, repositioned the facility, and submitted a new conditional use application to the borough, denial of which is presently before this court. It was this court's decision in *Borough of Glendon* that the borough relied on in denying GEC's present application for a conditional use.

7. Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. §§ 750.1–750.20.

denying the conditional use application on the basis that GEC would not be issued the DER permit.

In *Stein v. Easttown Township Board of Supervisors,* 110 Pa.Commonwealth Ct. 293, 532 A.2d 906 (1987), this court relied on our prior decisions and held that the failure of the applicant for approval of a preliminary land development plan to obtain DER approval to enclose a stream in a pipe was not sufficient to justify the denial of the plan at conception; rather, it would be more appropriate to condition final zoning approval upon the issuance of the DER permit. *See Traymore Associates v. Board of Supervisors of Northampton Township,* 24 Pa.Commonwealth Ct. 564, 357 A.2d 729 (1976); *Valley Run, Inc. v. Board of Commissioners of Swatara Township,* 21 Pa.Commonwealth Ct. 649, 347 A.2d 517 (1975); *Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton Township,* 21 Pa.Commonwealth Ct. 137, 143, 344 A.2d 277, 282 (1975).

In the present case, the record shows that GEC's permit application for a solid waste permit is currently pending before DER. While the evidence presented by GEC may support the conclusion that DER may not issue the subject permit to GEC because of the 300 yard setback limitation found in section 511(a) of the Act, the more appropriate action for the borough to have taken would have been to grant GEC's conditional use application subject to the issuance of the requested DER permit.

The attachment of this condition to the granting of the conditional use would be consistent with the provisions of the zoning ordinance. The council would be attaching a reasonable safeguard to protect the public health, safety, and general welfare of the community in the permitting of the conditional use as a resource recovery facility. *See* Original Record, Glendon Zoning Ordinance, Section 6–2, Procedure for Conditional Use, p. 48.

We recognize the borough's argument that its council was simply determining that

GEC's own application showed that the proposed facility did not comply with the zoning ordinance's requirement that the site and facility comply with the most stringent of federal and state requirements. However, assuming that GEC met all the other requirements of the zoning ordinance, subjecting the conditional use to the issuance of the required DER permit, would have reflected that GEC had satisfied the borough's land use requirements, and is in conflict only with the Act as administered by a state agency. Therefore, any legal dispute regarding the issuance of the state permits should involve GEC and DER, not the borough. *See Bloom v. Lower Paxton Township,* 72 Pa.Commonwealth Ct. 532, 457 A.2d 166 (1983).

Accordingly, we hold that the borough abused its discretion in denying GEC's conditional use application on the basis that it was in violation of state laws and regulations.

■ Next, GEC argues that the trial court erred in upholding the borough's denial of GEC's conditional use application based upon the alleged failure to comply with the 200 foot incinerator setback requirement of section 6–4.1411 of the zoning ordinance. GEC contends that in applying the rules of statutory construction, incinerators are not buildings for purposes of section 6–4.1411 of the zoning ordinance.

Section 6–4.1411 of the zoning ordinance provides that:

> All loading and unloading shall be conducted within the confines of a building and all buildings except incinerators shall be set back at least one hundred (100) feet from all street and property lines. Incinerators shall be set back at least two hundred (200) feet from all street and property lines.

■ The term "incinerator" is not defined in the provisions of the zoning ordinance. Accordingly, we must look to the rules of statutory construction to determine whether an incinerator is a building within the meaning of the language of section 6–4.1411.[8]

**8.** The principles contained in the Statutory Construction Act, 1 Pa.C.S. §§ 1501–1991, are to be followed in construing local ordinances even though the act applies specifically to state stat-

utes and is not expressly applicable to local ordinances. *Patricca v. Zoning Board of Adjustment of City of Pittsburgh,* 527 Pa. 267, 590 A.2d 744 (1991).

An ordinance, like a statute, must be construed, if possible to give effect to all of its provisions. *Mann v. Lower Makefield Township,* 160 Pa.Commonwealth Ct. 208, 634 A.2d 768 (1993). An interpretation of an ordinance which produces an absurd result is contrary to the rules of statutory construction *Id.* The language of an ordinance must be construed in light of the purpose of the legislation. *Id.* Undefined terms used in an ordinance must be given their common and approved usage. *Spahr–Alder Group v. Zoning Board of Adjustment of City of Pittsburgh,* 135 Pa.Commonwealth Ct. 561, 581 A.2d 1002 (1990).

We agree with the trial court that it is clear from the language of section 6–4.1411 that the term "incinerator" refers to the building in which the incineration process occurs. Section 6–4.1411 begins by stating a general rule followed by a specific exception. The provision states that "all buildings except incinerators shall be set back by at least 100 feet." This is a qualification of the term "building" that clearly indicates that, in the context of this provision of the zoning ordinance, the building in which the incineration process occurs is subject to the special set back restriction of 200 feet.

To determine otherwise would be an absurd result. If section 6–4.1411 was enacted to mean that the actual piece of equipment known as the incinerator was to be set back 200 feet as opposed to the building where the incineration process occurs, the obvious purpose of the ordinance to require a greater distance between structures where incineration is occurring would be defeated.

Accordingly, the borough did not abuse its discretion or commit an error of law in denying GEC's conditional use application on the basis that the location of the resource recovery facility did not meet the requirements of section 6–4.1411 of the zoning ordinance.

Finally, GEC argues that the borough's decision was not based on substantial evidence and that the borough misapplied the burden of proof. GEC contends that it had no way of knowing that the borough would abandon all precedent and construe the 200 foot setback to apply to buildings rather than just incinerators and that it had no way of guessing the borough would arrogate onto itself the power to predict DER's ruling on GEC's application for the solid waste permit. This, GEC contends, placed an unreasonable burden on it to negate every conceivable and unvoiced objection to the proposed use. We disagree.

A review of the record in this case reveals that the borough's decision based upon the setback requirement is supported by substantial evidence and that the borough applied the correct burden of proof. As GEC is aware, the borough was not bound by its prior 1987 approval of GEC's conditional use application. This was a new and separate application requiring GEC to come forward with evidence to establish that it complied with the applicable provisions of the zoning ordinance at the time of its application in 1992. *Bureau of Corrections.*

In summary, this court holds that the borough erred in denying GEC's conditional use application on the basis that the application revealed that the proposed use was in violation of state laws and regulations. As we stated, the more appropriate action for the borough to have taken would have been to grant the conditional use subject to the issuance of the required DER permit. However, since we conclude that the borough did not err in denying GEC's conditional use application on the basis that the location of the resource recovery facility did not meet the setback requirements of the zoning ordinance and that the borough's decision was based upon substantial evidence, the order of the trial court upholding the borough's denial of GEC's conditional use application is affirmed.

### ORDER

NOW, this 24th day of February, 1995, the order of the Court of Common Pleas of Northampton County, dated June 9, 1993, at No. 1992–C–5953, is affirmed in accordance with the foregoing opinion.