MARRIOTT CORPORATION,
Appellant,

v.

Dea ALEXANDER.

Commonwealth Court of Pennsylvania.

Argued March 13, 2002.
Decided May 14, 2002.
As Amended June 26, 2002.

William J. Payne, Wayne, for appellant.

George D. Walker, Jr., Philadelphia, for appellee.

Before: LEADBETTER, Judge, SIMPSON, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY Judge SIMPSON.

In this appeal from the Court of Common Pleas of Philadelphia's (trial court) denial of judgment on the pleadings, we

are asked to decide whether exhaustion of administrative remedies is required before a party can bring a suit under the Philadelphia Fair Practices Ordinance, Phila. Code §§ 9–1100—9–1110 (Philadelphia Ordinance). We hold that exhaustion of administrative remedies is a condition precedent to court involvement. Accordingly, we reverse and remand.

■ The facts are not in dispute.[1] Dea Alexander (Employee) was employed by Marriott Corporation (Employer) as a front desk clerk. Employee alleges that her supervisor sexually harassed and discriminated against her on the basis of her gender. Employee complained about the supervisor's conduct to Employer; the supervisor, however, continued to sexually harass Employee. Employer sent Employee home and advised her that it would investigate her complaints. Employee was subsequently informed that her employment had been terminated.

Without submitting her complaint to the Commission on Human Relations (Philadelphia Commission), Employee brought a civil suit, alleging in count I of her complaint that her supervisor sexually ha-

rassed her, and that Employer engaged in unlawful retaliation, sexual harassment, and sex discrimination in violation of the Philadelphia Ordinance. In count II of her complaint, Employee alleged that Employer violated the Pennsylvania Wage Payment and Collection Law.[2]

■ Employer filed a motion for judgment on the pleadings seeking dismissal of count I based on Employee's failure to exhaust administrative remedies. The trial court denied Employer's motion.[3] The trial court amended the interlocutory order and certified it for permissive interlocutory appeal. We granted that permission. On appeal, Employer argues that the trial court erred in denying its motion for judgment on the pleadings as to count I based on Employee's failure to exhaust administrative remedies.[4] We agree.[5]

■ Employee concedes that she did not pursue administrative remedies with the Philadelphia Commission, the Pennsylvania Human Relations Commission (Pennsylvania Commission), or the Equal Employment Opportunity Commission. She contends, however, that the Philadelphia Ordinance, unlike the Pennsylvania

1. In conducting our review, this Court accepts as true all well-pleaded statements of fact made by the non-moving party and considers the pleadings themselves and any documents properly attached thereto. *Emerich v. Philadelphia Center for Human Development, Inc.*, 554 Pa. 209, 720 A.2d 1032 (1999).

2. Act of July 14, 1961, P.L. 637, *as amended,* 43 P.S. §§ 260.1–260.45.

3. In a subsequently filed opinion, the trial court requested that we remand the case for further consideration in light of *Richards v. Foulke Associates, Inc.*, 151 F.Supp.2d 610 (E.D.Pa.2001), which held that a plaintiff must exhaust administrative remedies before seeking judicial relief under the Philadelphia Ordinance. We denied Employer's application for remand.

4. Our review of a trial court's denial of judgment on the pleadings is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Commonwealth of Pennsylvania v. Lubrizol Corp. Employee Benefits Plan,* 737 A.2d 862 (Pa.Cmwlth.1999). The motion may be granted·only where no material facts are at issue and it is clear that trial would be a fruitless exercise. *Ithier v. Philadelphia,* 137 Pa. Cmwlth. 103, 585 A.2d 564 (1991).

5. Employer argues in the alternative that count I of Employee's complaint was not filed within the applicable time period. We need not address this argument as we conclude the trial court erred in denying judgment on the pleadings as to count I of the complaint due to Employee's failure to exhaust administrative remedies.

Human Relations Act [6], (Pennsylvania Act) expressly provides for election of remedies. Employee also maintains that the Philadelphia Ordinance does not expressly require exhaustion of administrative remedies; therefore, a distinction should be drawn between the Philadelphia Ordinance and the Pennsylvania Act. We do not find Employee's arguments persuasive.

The Pennsylvania Legislature, recognizing the "invidiousness and pervasiveness of the practice of discrimination," enacted the Pennsylvania Act. *Fye v. Central Transp., Inc.,* 487 Pa. 137, 140–41, 409 A.2d 2, 4 (1979). The Pennsylvania Act created "a procedure and an agency specially designed and equipped to attack [the] persisting problem [of discrimination] and to provide relief to citizens who have been unjustly injured thereby." *Id.* To fulfill those objectives, the Legislature established the Pennsylvania Commission and invested it with the authority to administer and enforce the Pennsylvania Act, including handling and investigating complaints that charged unlawful employment discrimination. 43 P.S. §§ 956, 957.

Exhaustion of administrative remedies is required before a suit can be brought under the Pennsylvania Act. "The Legislature has chosen, in the [Pennsylvania Act], to charge an administrative agency with the jurisdiction initially to receive, investigate, conciliate, hear, and decide complaints alleging unlawful discrimination." *Pennsylvania Human Relations Commission v. Feeser,* 469 Pa. 173, 178, 364 A.2d 1324, 1326 (1976); *Clay v. Advanced Computer Applications, Inc.,* 522 Pa. 86, 91, 559 A.2d 917, 919 (1989). To bring a suit under the Pennsylvania Act, a plaintiff must first file an administrative complaint with the Pennsylvania Commission within 180 days of the alleged act of discrimination. 43 P.S. §§ 959(a), 962. If the com-

plainant invokes the procedures set forth in the Pennsylvania Act, that individual's right of action in the courts shall not be foreclosed. 43 P.S. § 962(c)(1).

In *Pennsylvania Human Relations Commission v. Alto–Reste Park Cemetery Association,* 453 Pa. 124, 133–34, 306 A.2d 881, 887 (1973), the Supreme Court described the legislative intent regarding the Pennsylvania Commission as follows:

> [T]he Legislature recognized that only an administrative agency with broad remedial powers, exercising particular expertise, could cope effectively with the pervasive problem of unlawful discrimination. Accordingly, the Legislature vested in the Commission, quite properly, maximum flexibility to remedy and hopefully eradicate the 'evils' of discrimination....

The Court further opined, "[a]llowing a discharged employee to commence an action in the courts without first exhausting administrative remedies would be logically inconsistent with the legislature's having created the [Pennsylvania Commission] to function as an efficient mechanism for handling such disputes." *Clay,* 522 Pa. at 90, 559 A.2d at 919. The Court noted the "inadvisability of having courts of common pleas decide discrimination cases" in large part because it would allow courts having no experience handling Pennsylvania Act complaints to resolve the dispute, "while the Pennsylvania Commission, the agency created for this purpose by the Legislature, would be denied an opportunity to hear and decide the case." *Id.*

The Court also noted, "[t]he statutory scheme [of the Pennsylvania Act] would be frustrated if aggrieved employees were permitted to circumvent the [Pennsylvania Commission] by simply filing claims in

---

6. Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §§ 951–963.

court," resulting in the very sort of burdensome, inefficient, time consuming, and expensive litigation that the Pennsylvania Commission was designed to avert. *Clay,* 522 Pa. at 91, 559 A.2d at 920. Requiring a complainant to first resort to the Pennsylvania Commission minimizes the inefficient use of judicial resources and its attendant expense and embarrassment of the parties. *Lukus v. Westinghouse Electric Corporation,* 276 Pa.Super. 232, 419 A.2d 431 (1980).

The Pennsylvania Act provides enabling legislation for the establishment of local human relations commissions. Specifically, the Pennsylvania Act states that local governments "shall have the authority to grant to local commissions powers and duties similar to those now exercised by the [Pennsylvania Commission] under the provisions of [the Pennsylvania Act]." 43 P.S. § 962.1. Pursuant to the authority granted by Section 962.1, Philadelphia established the Philadelphia Commission to administer and enforce statutes and ordinances prohibiting unlawful practices of discrimination, including the Philadelphia Ordinance, which prohibits employment discrimination based on race, color, sex, religion, ancestry, age and handicap. Phila. Code. § 9–1103.

■ Recognizing the expertise that local agencies such as the Philadelphia Commission possess to investigate and decide employment discrimination complaints, the Pennsylvania Legislature amended the Pennsylvania Act in 1991 to allow the Pennsylvania Commission to enter into work sharing agreements with local agencies such as the Philadelphia Commission. As a result, filing a complaint with the Philadelphia Commission satisfies the Pennsylvania Act's requirement that a plaintiff exhaust administrative remedies. *Kedra v. Nazareth Hospital,* 857 F.Supp. 430 (E.D.Pa.1994).

■ Our review reveals no binding precedent on the precise issue of administrative exhaustion under the Philadelphia Ordinance. The United States District Court for the Eastern District of Pennsylvania, however, held that an employee is required to exhaust administrative remedies before seeking judicial relief under the Philadelphia Ordinance. *Richards v. Foulke Associates, Inc.,* 151 F.Supp.2d 610 (E.D.Pa. 2001) (O'Neill, J.). Although decisions of the federal courts are not binding on this Court, state courts may look to federal court decisions for guidance in interpreting state law. *Heicklen v. Pennsylvania Board of Elections,* 751 A.2d 260 (Pa. Cmwlth.2000); *Martin v. Hale Products, Inc.,* 699 A.2d 1283 (Pa.Super.1997).

We are persuaded by the merit of Judge O'Neill's reasoning in *Richards,* and we adopt it. We conclude, therefore, that Employee is required to exhaust administrative remedies available through the Philadelphia or Pennsylvania Commission before filing a civil action under the Philadelphia Ordinance. In doing so, we seek uniformity in the procedures for resolving human relations complaints in Pennsylvania. We cannot condone a resort to court for human relation complainants in Philadelphia which is different from that afforded complainants elsewhere. Such a disparate treatment of complainants is an absurd result, which in the absence of specific direction, we presume was not intended by the Legislature. *See* 1 Pa.C.S. § 1922; *Mann v. Lower Makefield Township,* 160 Pa.Cmwlth. 208, 634 A.2d 768 (1993) (rules of statutory construction are applicable to ordinances).

Since Employee failed to exhaust administrative remedies, the trial court erred in denying Employer's motion for judgment on the pleadings as to count I of the complaint. Accordingly, we reverse the trial court, enter judgment on the plead-

ings in favor of Employer, and remand for a further proceeding under count II of the complaint.

## ORDER

AND NOW, this 14th day of May, 2002, the order of the trial court denying Marriott Corporation's motion for judgment on the pleadings is reversed, judgment on the pleadings as to count I of the complaint is entered in favor of Marriott Corporation, and the matter is remanded for a further proceeding under count II of the complaint.

Jurisdiction relinquished.