Barbara Leo and Georgette Pascotto :
           :
     v.       :
           :
Texas Township Board of Supervisors :
           :
           :
Odell Partnership, Dale Odell and  :
Kip Odell         :
           :
     v.       :
           :
Texas Township Board of Supervisors :
           :
Appeal of:  Barbara Leo and   : No. 731 C.D. 2018
Georgette Pascotto     : Submitted:  April 11, 2019

BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
     HONORABLE MICHAEL H. WOJCIK, Judge (P.)
     HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED:  July 9, 2019

    Barbara Leo (Leo) and Georgette Pascotto (Pascotto) (together, Objectors) appeal from the May 7, 2018 amended order of the Court of Common Pleas of Wayne County (trial court) which affirmed the decision of the Texas Township (Township) Board of Supervisors (Board) granting the conditional use

application filed by Odell Partnership, Dale Odell and Kip Odell (collectively, Applicants).

On November 2, 2015, Applicants submitted a written application to the Board seeking *nunc pro tunc* conditional use approval for a campground in order to place two recreational vehicles (RV) on a 2.5-acre parcel (Lot 26)[1] and to place one RV on a contiguous 1.12-acre parcel (Lot 25) (Application).[2] *See* Findings of Fact (F.F.) 4; Application, Reproduced Record (R.R.) at 298a-99a. (The two parcels are collectively referred to as the property). Prior to submitting the Application, Applicants had placed an RV on one of the parcels and received oral approval from the Township to do so. F.F. 5. Objectors complained to the Township that Applicants had improperly placed an RV on one of the lots. R.R. at 424a. Subsequently, the Township withdrew the oral approval. F.F. 6. Applicants then submitted the aforementioned conditional use Application.

Applicants filed their Application pursuant to Section 608 of the Texas Township Zoning Ordinance (Zoning Ordinance).[3] F.F. 12. Page one of the Application stated that Applicants "collectively seek[] conditional use approval of both lots under the 'campground' provisions" of the Zoning Ordinance. F.F. 12. Page two of the Application stated that Applicants were applying "for campground use of both parcels with permission for two recreational vehicles on Lot 26 and one recreational vehicle on Lot 25." F.F. 12.

---

[1] Lot 26 is referred to as 101 Fords Road, Honesdale, Pennsylvania, and is Tax Map No. 27-11-26. Findings of Fact (F.F.) 1.

[2] Lot 25 is referred to as 95 Fords Road, Honesdale, Pennsylvania, and is Tax Map No. 27-11-25. F.F. 1.

[3] Texas Twp., Pa., Zoning Ordinance art. VI, § 608 (2014).

2

Lots 25 and 26 are located in the Township's RU-Rural Zoning District. F.F. 7. The District Designation and Intent of the RU-Rural Zoning District as set forth in the Zoning Ordinance is as follows:

> The purpose of this district is to provide for low density residential development in areas of the Township which are largely rural in character and to provide compatibility with existing agricultural, residential and rural uses.

F.F. 8; Zoning Ordinance Schedule of District Regulations, Appendix H-5 of Objectors' Brief. The Zoning Ordinance lists the permitted principal uses in the RU-Rural Zoning District as agricultural activities, single-family detached dwellings (not including mobile homes), greenhouses, and churches and places of worship. Zoning Ordinance Schedule of District Regulations, Appendix H-5 of Objectors' Brief; *see* F.F. 9. The Zoning Ordinance lists the following as conditional uses in the RU-Rural Zoning District: cluster development; private recreational facilities; boarding or tourists homes; agricultural service establishments; campgrounds; mobile homes (individual); kennels; and commercial stables. Zoning Ordinance Schedule of District Regulations, Appendix H-5 of Objectors' Brief; *see* F.F. 9.

The Board held four hearings on the Application: May 24, 2016; July 12, 2016; August 22, 2016; and October 4, 2016. F.F. 15. At the commencement of the first hearing, Applicants verbally amended the Application, indicating their intention to place one RV on each parcel. F.F. 16. Objectors' counsel stated he had "[n]o objection" to the amendment, nor did anyone else in attendance object. R.R. 34a-36a. At the hearings, Applicants and Objectors presented evidence, including expert testimony. At a meeting held on December 19, 2016, the Board announced that it was approving the Application as amended with four conditions, including

3

that the RV placement be limited each year to the period from May 1 to October 31. R.R. at 23a. The Board issued a written decision the same day. *See* Appendix A-1 to Objectors' Brief.

Objectors filed a timely appeal to the trial court. By order dated September 18, 2017, the trial court found that the Board's decision failed to meet the requirements of the Municipalities Planning Code[4] (MPC) because it did not contain findings of fact, conclusions of law and reasons for the decision. 9/18/17 Trial Court Order (citing Section 913.2 of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10913.2), Appendix B-1 to Objectors' Brief. Accordingly, the trial court remanded the matter to the Board to issue a new decision that complied with the MPC. *Id.* On October 17, 2017, the Board issued a new decision containing "findings of fact" and "conclusions of law" and again granting Applicants' Application with the same four conditions. Board's Conclusions of Law (C.L.) 8.

The Board concluded that the property is well-suited for the "proposed recreational vehicle use." C.L. 3. The Board reasoned that Applicants' oral amendment of its initial Application "removed the requirement" to proceed under Section 608.1 of the Zoning Ordinance (concerning conditional uses), which would require a land use application, and that, rather, Section 305 of the Zoning Ordinance (concerning uses that are neither specifically permitted nor denied) should be applied. F.F. 25; *see* Board's Decision at 9. The Board found that the amended application "purported to request[] a similar use as a campground but limited the scope to the two (2) identified areas." F.F. 25. The Board also found "the testimony provided by the Applicant[s] meets the requirements" of Section 305. Board's Decision at 9. Additionally, the Board found that the "[e]vidence established that

---

[4] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

the proposed use clearly complies with each of the standards enumerated in the [Zoning] Ordinance, including but not limited to, Sections 305, 306, Article IV, Section 611 and Section 608." C.L. 8.

Objectors then filed a praecipe for reargument with the trial court, and the parties reargued the case, although before a different judge, on May 2, 2018. *See* R.R. at 562a-79a. That same day, despite holding argument, the trial court issued an order stating Objectors' "Praecipe for Re-Argument is **DENIED**" and noting that Objectors failed to meet their burden to show that the Board acted arbitrarily, capriciously or abused its discretion. 5/2/18 Trial Court Order (emphasis in original), R.R. at 580a. The trial court also stated that the record adequately supports the Board's decision. *Id.* Subsequently, on May 7, 2018, the trial court *sua sponte* issued an amended order, in which it amended its prior order to include a statement that the trial court found in favor of Applicants and against Objectors. 5/7/18 Trial Court Order, Appendix E-1 to Objectors' Brief.

Objector timely appealed to this Court and filed a statement of errors complained of on appeal. Appendix F-1 to Objectors' Brief. Subsequently, the trial court issued an order, apparently to serve as its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, stating that it incorporated and adopted the entirety of the Board's October 17, 2017 decision after remand. 7/18/18 Trial Court Order, Appendix G-1 to Objectors' Brief. The trial court further stated it believed that there were no issues which merit an appeal. *Id.*

5

Before this Court,[5] Objectors raise four issues for our consideration.[6] First, Objectors argue that the Board erred as a matter of law in granting Applicants' amended conditional use Application for a single RV on each lot because RVs are not specified as a conditional use in the RU-Rural Zoning District and, to the extent the Board alternatively granted the request as one for a campground, Applicants failed to meet the criteria for a conditional use for a campground.[7] Objectors' Brief at 5, 24 & 29-31.

Second, Objectors argue that the Board erred as a matter of law in concluding that Applicants only had to comply with Section 305 of the Zoning Ordinance and no longer had to comply with the conditional use requirements set forth in Section 608 because such an interpretation would lead to the absurd result that a proposed use that is not specifically permitted as a conditional use in a

_____

[5] Applicants have notified this Court that they decline to participate in this appeal. Applicants' counsel filed a praecipe to withdraw his appearance, indicating that Objectors did not intend to pursue their appeal of the trial court's second amended order dated May 24, 2018. Praecipe for Withdrawal of Appearance, docketed 7/9/2018. The May 24, 2018 order addressed Applicants' appeal of the Board's imposition of the four conditions and ruled in favor of the Board. Although Applicants' praecipe did not expressly address the order before this Court, we note that Applicants have not joined in the Board's brief and have not otherwise participated in the matter before this Court.

[6] In a land use appeal, where, as here, the trial court does not take additional evidence, this Court's scope of review is limited to determining whether the local governing body committed an error of law or an abuse of discretion. *In re Thompson*, 896 A.2d 659 (Pa. Cmwlth. 2006). An abuse of discretion will only be found in circumstances where the findings of the governing body are not supported by substantial evidence. *Id.* Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 640 (Pa. 1983).

[7] Objectors point out that under Section 403.3 of the Zoning Ordinance, a campground is considered to be a recreational land development that must comply with the requirements in the Township's Subdivision and Land Development Ordinance (SALDO), and that, here, the campground, *inter alia*, does not have a gross area of at least five contiguous acres and the Applicants failed to submit a management plan, as required by the SALDO. Objectors' Brief at 24-25 & 31-32.

6

particular zone may be permitted as a conditional use without having to meet any standards or criteria. Objectors' Brief at 5 & 35. Objectors further argue that the Board erred in its application of Section 305 because Section 305 requires the Board to consider a non-specified conditional use based on its similarity to specified conditional uses. *Id.* at 25. Objectors contend that the only specified use that Applicants' proposed use resembles is that of a campground, and the Board failed to analyze Applicants' request under the standards applicable to campgrounds or otherwise consider it based on the similarities. *Id.* at 25 & 35-36.

Third, Objectors argue that after incorrectly concluding that Applicants did not need to meet the requirements of Section 608 of the Zoning Ordinance, the Board erred as a matter of law and abused its discretion in concluding that Applicants nonetheless complied with the requirements of Section 608 of the Zoning Ordinance concerning (i) public notice, (ii) review by the Township Planning Commission and (iii) compliance with the five enumerated standards and criteria in subsection 1, *i.e.*, Section 608.1. Objectors' Brief at 5 & 26.

Lastly, Objectors argue that the Board erred as a matter of law and abused its discretion in concluding that Objectors failed to meet their burden to establish that Applicants' proposed use would be detrimental to the public health, safety and welfare. Objectors' Brief at 5-6, 26-27 & 41-42.

In response, the Board argues that campgrounds are permitted as a conditional use in the RU-Rural Zoning District, but that the installation of a single RV on a lot is neither permitted nor denied. Board's Brief at 3. The Board states that an unaddressed use "defaults" to a conditional use under the ordinance. *Id.* The Board notes that while Applicants' original Application may have sought conditional use approval of both lots under the "campground provision," that request was

7

"down-sized" when Applicants amended their original Application at the first hearing to seek approval to place a single RV on each lot, and Objectors did not object to such amendment.[8] *Id.* at 14-15. The Board stresses that the Township directed Applicants to seek a conditional use, and despite conceding to the Township's request, Applicants' consultants opined at the hearing that there may have been no need to do so. *Id.* at 8. With respect to the Township's Subdivision and Land Development Ordinance (SALDO), the Board contends that "this issue had been addressed by previous approval of the two . . . parcels, complete compliance with that ordinance and [Applicants'] testimony that they do not contemplate any subdivision or land development which would bring it under the guise of that ordinance" and that Applicants' oral amendment for one RV per lot satisfied this concern. *Id.* at 10-11. The Board also points out that "both parcels have concrete pads, wells, septic systems and electrical services, both having been previously occupied by mobile homes and or single family residences." *Id.* at 15. The Board maintains that Applicants met their initial burden of proof for a conditional use and that the burden then shifted to Objectors, who failed to show to a high degree of probability that the use would substantially affect the health, safety and welfare of the community to a greater extent than what is normally expected from the type of use. *Id.* at 16, 24-25 & 28. The Board also argues that the

---

[8] The Board asserts that the requested single RV on each lot is "similar to the much broader 'campsite' description under the [Zoning] Ordinance." Board's Brief at 19. Although the Township's SALDO contains a definition of "campsite," SALDO, art. II § 2.000, the Zoning Ordinance does not. The Zoning Ordinance uses the term "campsite" within the definition of "campground." *See* Zoning Ordinance, art. II (defining "campground" as "[a] plot of ground upon which two or more campsites are located, established or maintained for temporary occupancy by persons using tents or recreational vehicles").

8

Township's Planning Commission performed its duty, including rendering a recommendation for approval to the Board. *Id.* at 20-21.

"[A] conditional use is one specifically recognized by the legislature as consistent with the zoning plan." *Aldridge v. Jackson Twp.*, 983 A.2d 247, 253 (Pa. Cmwlth. 2009). "As such, it is presumed the particular type of use does not, of itself, adversely affect public interest." *Id.* "In addressing an application for a conditional use, a local governing body must employ a shifting burden of persuasion." *Id.* (footnote omitted). "First, the applicant must persuade the local governing body its proposed use is a type permitted by conditional use and the proposed use complies with the requirements in the ordinance for such a conditional use." *Id.* "Once [the applicant] does so, a presumption arises [that] the proposed use is consistent with the general welfare." *Id.* "The burden then shifts to objectors to rebut the presumption by proving, to a high degree of probability, the proposed use will adversely affect the public welfare in a way not normally expected from the type of use." *Id.* "The issue of whether a proposed use falls within a given categorization contained in a zoning ordinance is a question of law for this Court." *Id.*

In considering the issues before us, "we are mindful that ordinances are to be construed expansively, affording the landowner the broadest possible use and enjoyment of its land." *Aldridge*, 983 A.2d at 253. Further, "a board of supervisors is entitled to considerable deference in interpreting its zoning ordinance." *Id.* at 254. Interpretations of an ordinance that are entitled to deference "become of controlling weight unless they are plainly erroneous or inconsistent" with the ordinance. *Turchi v. Phila. Bd. of License & Inspection Review*, 20 A.3d 586, 594 (Pa. Cmwlth. 2011) (internal punctuation omitted). Further, in interpreting an ordinance, "the rules of statutory construction are applicable to local zoning ordinances." *Council of*

*Middletown Twp., Del. Cty. v. Benham*, 496 A.2d 1293, 1295–96 (Pa. Cmwlth. 1985), *aff'd*, 523 A.2d 311 (Pa. 1987). "[A]n ordinance must be construed in light of the purpose of the legislation." *Glendon Energy Co. v. Borough of Glendon*, 656 A.2d 150, 156 (Pa. Cmwlth. 1995). "An ordinance, like a statute, must be construed, if possible to give effect to all of its provisions." *Id.* "An interpretation of an ordinance which produces an absurd result is contrary to the rules of statutory construction." *Id.*

Here, Section 305 of the Township's Zoning Ordinance, which concerns use regulations, provides as follows:

> Use Regulations and statements of intent for each District are provided on the Schedule of District Regulations following. Permits for principal permitted uses and accessory uses (regardless of the use to which are accessory) shall be issued as a matter of right provided the standards contained in this Ordinance are otherwise met. *Conditional uses* and special exceptions *shall be subject to additional review procedures as specified herein*.
>
> Whenever any proposed use is neither specifically permitted nor denied under this Ordinance as presently written, the Zoning Officer shall refer the application to the Board of Supervisors which shall determine whether the use shall be permitted or denied *based on its similarity to other permitted or denied uses* which are specifically identified in this Ordinance. The Board of Supervisors *shall*, if it determines the use is permitted, *classify it* as either a principal permitted, conditional use special exception, or accessory use, and direct the Zoning Officer to proceed accordingly.

Zoning Ordinance § 305 (emphasis added).

The parties do not dispute that a "campground" is a conditional use in the RU-Rural Zoning District in which the property is located. The Zoning

10

Ordinance defines "campground" as "[a] plot of ground upon which two or more campsites are located, established or maintained for temporary occupancy by persons using tents or recreational vehicles." *See* Zoning Ordinance, art. II. As a result of the amendment seeking to reduce the number of RVs to one per lot, to which there was no objection, the proposed use no longer constituted a "campground." Indeed, the Board, in its decision, implicitly recognized such and classified the proposed use as a "recreational vehicle use." *See* C.L. 3 (stating that the "property is well-suited for the proposed recreational vehicle use"). However, nowhere in the Zoning Ordinance's Schedule of District Regulations— be it permitted principal uses, accessory uses, conditional uses or special exceptions— is there designated a "recreational vehicle" use. *See* Zoning Ordinance Schedule of District Regulations, Appendix H-5 of Objectors' Brief. Accordingly, because such use "is neither specifically permitted nor denied under this [Zoning] Ordinance," Section 305 applies. Pursuant to Section 305, the Board must (1) determine whether to permit or deny the use "based on its similarity to other permitted or denied uses which are specifically identified in this [Zoning] Ordinance" and (2) if it determines the use is permitted, "classify it as either a principal permitted, conditional use[,] special exception, or accessory use . . . ." Zoning Ordinance § 305.

Here, the Board's findings state only that Applicants "purported to request[] a similar use as a campground but limited the scope . . . [.]" F.F. 25. However, the Board failed to analyze and consider the similarity of Applicants' proposed use for single RVs on each lot vis-à-vis a campground use or any other permitted or denied uses specifically identified in the Ordinance. The Board also failed to render any findings or conclusions regarding the similarity of the proposed use to a specified permitted use. Accordingly, we must vacate the trial court's order

11

and remand the matter to the trial court to remand to the Board to issue a new decision addressing this requirement. Before remanding, however, in the interest of judicial economy, it behooves us to address Objectors' argument regarding the application of Section 608, so the Board knows whether it must analyze the Application under this section as well.

The Board classified the use as one requiring a conditional use application. The assertion that Applicants characterized their initial Application as a "conditional use" at the Board's instruction is of no moment. Once Applicants sought a use that was neither permitted nor denied under the Zoning Ordinance, the plain language of Section 305 requires that the Board first determine whether the proposed use is a permitted use (*i.e.*, one allowed by right, conditional use, accessory use or special exception) or a denied use based on the proposed use's similarity to other uses that are specifically identified in the Zoning Ordinance. If the Board determines the use is similar to a permitted use, then the Board must classify the use and evaluate it as such. Here, the Board treated the proposed use as a use permitted as a conditional use. However, the Board's determination of whether the use is permitted must be based on the use to which the proposed use is most similar and how that use is classified (*i.e.*, as a conditional use, etc.). For example, if the Board decides the proposed use is similar to a campground, a conditional use, then the Board must classify it as a conditional use and evaluate it as such. *See* Zoning Ordinance § 305.

While the Board believed that once Section 305 applied, such application "removed the requirement" to comply with Section 608.1, F.F. 25, nothing in the Zoning Ordinance indicates that Section 305 and Section 608 are mutually exclusive. Indeed, Section 305 states "[c]onditional uses . . . shall be

12

subject to additional review procedures as specified herein." Zoning Ordinance § 305. Consequently, under the plain language of the Zoning Ordinance, Section 608, which governs conditional uses, applies. Further, Section 305's requirement that the Board "classify" a use that is neither specifically permitted nor denied as, *inter alia*, a permitted use, a conditional use, etc. indicates an intent to treat the use in accordance with the standards applicable to that use classification. To give no effect to the classification as a conditional use would render the classification provision of Section 305 superfluous and meaningless. An ordinance is to be construed, if possible, "to give effect to all its provisions." *See* 1 Pa.C.S. § 1921(a); *In re Thompson*, 896 A.2d 659, 669 (Pa. Cmwlth. 2006) (stating, "rules of statutory construction are applicable to statutes and ordinances alike").

Additionally, as asserted by Objectors, to not apply the Section 608 conditional use provision would lead to the absurd result that a proposed use that is not specifically listed as a conditional use in a particular zone may be permitted as a conditional use without having to meet any standards or criteria while other expressly permitted conditional uses would have to meet the standards and criteria. An applicant could slightly alter his proposed use to just less than a permitted conditional use, thereby falling outside the definition of an expressly permitted conditional use, to avoid complying with Section 608's conditional use requirements altogether. Such a result would be absurd. In interpreting an ordinance, the object is to ascertain and effectuate the intention of the legislative body in enacting the ordinance. *See* 1 Pa.C.S. § 1921(a). In ascertaining the intention of the legislative body, we may presume that the legislative body did not intend a result that is absurd or unreasonable. 1 Pa.C.S. § 1922(1). Thus, we conclude that the Board's interpretation that Section 608 does not apply to any applications which the Board

13

classifies as a conditional use under Section 305 is inconsistent with the legislative intent of the Zoning Ordinance, as it produces an absurd and unreasonable result. Consequently, the Board's interpretation is not entitled to deference by this Court. *See Turchi*, 20 A.3d at 594, *Glendon Energy*, 656 A.2d at 156. Accordingly, Section 608 governing conditional uses would apply to Applicants' Application here, assuming the Board classifies it as a conditional use.

Nonetheless, despite the Board's statement that the amendment "removed" the requirement to comply with Section 608, the Board concluded that Applicants' proposed use complied with the standards enumerated in Section 608, as well as Sections 305 and 306 and Article IV, to which Section 608 refers. *See* C.L. 8.

Subsection 1 of Section 608 provides, in relevant part, that conditional uses shall be permitted only after (i) public notice, (ii) review by the Township Planning Commission, and (iii) approval by the Board pursuant to five express standards and criteria. Zoning Ordinance § 608.1. The five standards and criteria are, in relevant part: (i) "[t]he proposed use shall be in harmony with purposes, goals, objectives and standards" of the Township's Comprehensive Plan, Zoning Ordinance and all other ordinances of the Township; (ii) "[t]here shall be a community need for the proposed use at the proposed location. . . ."; (iii) "[t]he proposed use at the proposed location shall not result in a substantial or undue adverse effect . . ."; (iv) "[t]he proposed use shall not impose an undue burden on any of the improvements, facilities, utilities and services of the Township . . ."; and (v) the Planning Commission and Board of Supervisors must find that "any of the applicable standards contained in Sections 305, 306 and Article IV as well as other portions of this Ordinance" have been met. Zoning Ordinance § 608.1.

14

We note that although the Board concluded that the Applicants' testimony met the requirements set forth above, *see* Board's Decision at 8-9, after review of the Board's decision, we conclude that it is insufficient to allow appellate review on this issue. Section 913.2(b)(1) of the MPC sets forth the Board's duties when rendering a decision in a contested matter as follows:

> Where the application is contested or denied, each decision shall be accompanied by findings of fact or conclusions based thereon, *together with any reasons therefor*. Conclusions based on any provisions of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in the light of the facts found.

Section 913.2(b)(1) of the MPC, added by the Act of December 18, 1996, P.L. 1102, 53 P.S. § 10913.2(b)(1) (emphasis added). There is no requirement that a board cite specific evidence in support of each of its findings. *Taliaferro v. Darby Twp. Zoning Hearing Bd.*, 873 A.2d 807, 816 (Pa. Cmwlth. 2005).[9] However, a board must provide an adequate explanation of its resolution of the factual questions involved and set forth its reasoning in such a way as to show its decision was reasoned and not arbitrary. *Id.*

We will not address every specific insufficiency of the Board's decision. However, we note that in concluding that Applicants' Application met the requirements of Section 608.1, the Board sets forth the standards of Section 608.1(A-D) and then simply states that Applicants' testimony meets these requirements. *See* Board's Decision at 8-9. With respect to 608.1(E), the Board states in a similar

---

[9] *Taliaferro* involves a different section of the MPC, that is Section 908(9), 53 P.S. § 10908(9), which pertains to zoning hearing boards. However, the language of that section is identical to the language in Section 913.2. Therefore, it is appropriate to apply the interpretation of that section here.

15

conclusory fashion that the evidence established compliance with these standards. C.L. 8. Although the Board purports to set forth findings of fact to support those conclusions, a review of those "findings" essential to the issues presented here reveals that the findings are conclusory in nature and merely parrot the language of Section 608.1. *See* F.F. 18-21. Additionally, although the Board states that Applicants' "application, exhibits and testimony" support Applicants' burden of proof, F.F. 22, this is insufficient for this Court to glean the *reasons* for the Board's findings and conclusions. As such, we are unable to review the Board's decision to determine if it was reasoned and not arbitrary. Further, as discussed above, the Board failed to analyze and consider the similarity of Applicants' proposed conditional use for single RVs on each lot vis-à-vis other permitted or denied uses which are specifically identified in the Ordinance, as required by Section 305. The Board's new decision must address each of the requirements of Section 608 and provide reasons therefor sufficient to enable appellate review, if necessary.

Accordingly, we must vacate the trial court's order and remand this matter to the trial court to remand to the Board to issue a decision in accordance with the foregoing opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

16

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Leo and Georgette Pascotto :
:
v. :
:
Texas Township Board of Supervisors :
:
:
Odell Partnership, Dale Odell and :
Kip Odell :
:
v. :
:
Texas Township Board of Supervisors :
:
Appeal of: Barbara Leo and : No. 731 C.D. 2018
Georgette Pascotto :

O R D E R

AND NOW, this 9th day of July, 2019, the May 7, 2018 amended order of the Court of Common Pleas of Wayne County (trial court) is VACATED and the matter is remanded to the trial court with instructions to remand to the Texas Township Board of Supervisors to render a new decision in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge