550 A.2d 1013

**Furman RALEIGH, Appellant,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION.**

Superior Court of Pennsylvania.

Argued Oct. 12, 1988.

Filed Nov. 23, 1988.

David B. Washington, Pittsburgh, for appellant.

Craig Marton Brooks, Pittsburgh, for appellee.

Before BROSKY, JOHNSON and MELINSON, JJ.

JOHNSON, Judge:

Furman Raleigh appeals from the Order entered February 18, 1988 in the Court of Common Pleas of Allegheny County. This Order granted Westinghouse Electric Corporation's Motion for Judgment on the Pleadings on the ground that Raleigh's suit was time-barred. We affirm.

Raleigh alleged that Westinghouse Electric Corporation engaged in racial discrimination when it discharged him on January 13, 1984. In addition, Raleigh argued that this alleged racially discriminatory discharge was in violation of the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 *et seq.* Raleigh timely filed discrimination complaints with the Pennsylvania Human Relations Commission (PHRC) and the Equal Employment Opportunities Commission (EEOC). The PHRC dismissed Raleigh's complaint on January 7, 1985 as the EEOC had done earlier. Raleigh

filed suit in Common Pleas Court of Allegheny County on September 10, 1987. Westinghouse filed a Motion for a Judgment on the Pleadings. The trial court granted Westinghouse's motion and dismissed Raleigh's suit as time-barred. This appeal followed in which Raleigh raises the following issues:

 I.   Whether the trial court was correct in running the statute of limitations from the date of alleged unlawful employment practice.

 II.  Whether the trial court applied the correct statute of limitations in computing the time period for filing a claim in this case.

Raleigh's first argument is that because his suit has been brought under the Pennsylvania Human Relations Act (PHRA), 43 Pa.S. § 951 et seq., which has no self-contained limitations period, laches is the only appropriate defense to a charge of timeliness. Raleigh contends, therefore, that no statute of limitations governs the PHRA. We cannot agree with this contention. The trial court properly found that Pennsylvania's general statute of limitations detailed in 42 Pa.C.S. § 5501 governs Raleigh's action. This statute provides the following:

> (a) General Rule.–A civil action, proceeding or appeal must be commenced within the time specified in or pursuant to this chapter unless ... a different time is provided by this title or another statute.

42 Pa.C.S. § 5501.

In the instant case the trial court found Raleigh's alleged racial discrimination to be analogous to a tort claim for personal injury, *Darlington v. General Electric*, 350 Pa.Super 183, 207, 504 A.2d 306, 318 (1986), and determined that the statutory requirements provided in 42 Pa.C.S. § 5524(7) were applicable. This statute provides for a two year period to bring tort claims and also encompasses in pertinent part:

> "any other action or proceeding to recover damages for injury to person or property which is founded on negli-

gent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass...." 42 Pa.C.S. § 5524(7). As amended 1982, Dec. 20, P.L., 1409, No. 326 Art. II, § 201. Raleigh charged Westinghouse with terminating his employment for the purpose of discriminating against him because of his race. This cause of action charges intentional as well as tortious conduct and is thus within the ambit of 42 Pa.C.S. § 5524. Accordingly, we find no error in the trial court's finding that the two year statute of limitations set forth in 42 Pa.C.S. § 5524 applies to Raleigh's action.

Since we agree with the trial court that the two year statute of limitations applies, we find Raleigh's argument at Issue II, providing for the application of the six year statute of limitations found in 42 Pa.C.S. § 5527, to be meritless.

In reviewing a trial court's decision granting a motion for judgment on the pleadings, an appellate court applies the same standard employed by the trial court. A trial court in granting judgment on the pleadings must confine its consideration to the pleadings and relevant documents. The court must accept as true all well-pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted. We will affirm the grant of such a motion only where the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise. *Jones v. Travelers Insurance Co.,* 356 Pa.Super. 213, 217, 514 A.2d 576, 578 (1986).

Raleigh's complaint, filed September 10, 1987, alleged that Westinghouse discharged him on January 13, 1984 and that the PHRC informed him of his right to institute an action on January 7, 1985. Based on the allegations contained in Raleigh's complaint, we find that the trial court properly concluded that the applicable two year statute of limitations had run out whether applied as of the date of Raleigh's discharge from employment, *Chittenholm v. Giffin,* 357 Pa. 616, 55 A.2d 324 (1947), *C.M. Eichenlaub Co. v.*

*Fidelity & Deposit Co.,* 293 Pa.Super. 11, 437 A.2d 965 (1981), or on the date that Raleigh's complaint was dismissed by the PHRC. We conclude that the trial court acted properly by granting Westinghouse's motion for judgment on the pleadings and by dismissing Raleigh's complaint. Accordingly, we affirm the trial court's order.

ORDER AFFIRMED.