## Schlegel v. Penn Dairies Inc.

*J. Michael Morrissey,* for plaintiff.
*David R. Keller,* for defendant.

ESHELMAN, W.R., *J.,* October 6, 1989 — This action involves plaintiff's claim against defendant, who is the former employer of plaintiff, for damages on grounds of discrimination under the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. The court entered an order for judgment on the pleadings for defendant for failure of plaintiff to comply with the two-year statute of limitations. Plaintiff has appealed to the Superior Court of Pennsylvania. Hence this memorandum opinion.

Plaintiff's complaint was filed October 31, 1988. Under count I plaintiff seeks damages because of sex discrimination against her during the course of her employment and including her discharge, 43 P.S. §955(a), and because she opposed defendant's alleged racial discrimination against a fellow employee, 43 P.S. §955(d). Plaintiff was employed by defendant beginning in or about July 1985, and the alleged discrimination occurred during the period from May 1986 up to and including the date of discharge on October 15, 1986. The employment of plaintiff by defendant and the discharge of plaintiff on October 15, 1986 is undisputed. Under count II plaintiff sought damages for breach of employment terms and conditions, but this count was dismissed by stipulations of counsel and court order of February 27, 1989.

We find that defendant's alleged discrimination is analogous to a tort claim for personal injury involving intentional and tortious conduct and that the statutory limitation of two years contained in 42 Pa.C.S. §5524(7), is applicable. See *Raleigh v. Westinghouse Elec. Corp.,* 379 Pa. Super. 606, 550 A.2d

1013 (1988), which case involved an alleged racial discrimination discharge of an employee.

Plaintiff contends in her brief of argument that the applicable statute of limitations is six years as contained in 42 Pa.C.S. §5527, citing *Webster v. Great American Insurance Co.*, 544 F.Supp. 609 (E.D. Pa. 1982), which involved an age discrimination discharge. In the 1982 *Webster* decision, the court recognized that the Pennsylvania state courts had not addressed the issue of time limitation for employment discrimination actions under PHRA and decided that the six-year limitation contained in 42 Pa.C.S. §5527(6) was applicable. However, we will be guided by the recent 1988 *Raleigh* decision of the Superior Court of Pennsylvania. Therefore, we conclude that plaintiff's action filed October 31, 1988 was not within the limitation of two years from date of discharge on October 15, 1986.

Plaintiff in her argument brief also contends that on November 26, 1986, which was within the 90-day PHRA limitation date after date of discharge, she filed a timely complaint with the Pennsylvania Human Relations Commission alleging discrimination by defendant for violation of PHRA; that on or about February 26, 1988 the commission advised plaintiff that it had not rendered a decision and that she had the right to file an action in the court of common pleas pursuant to PHRA, 43 P.S. §962(c); that at the very earliest plaintiff was barred from filing an action in the court of common pleas until November 26, 1987, which was one year after filing the complaint with the commission; and that the within action before this court was therefore timely filed on October 31, 1988.

However, these alleged facts on which plaintiff's contention is premised were first raised in her argument brief and may not be considered by the court

when ruling on a motion for judgment on the pleadings. Plaintiff alleged no facts or circumstances in her complaint or in her reply to defendant's new matter, nor are there any admitted facts in the pleadings, which would delay the accrual of her cause of action beyond the date of her discharge on October 15, 1986. In *Raleigh, supra,* the Superior Court stated:

"A trial court in granting judgment on the pleadings must confine its consideration to the pleadings and relevant documents. The court must accept as true all well-pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted." *Id.* at 609, 550 A.2d 1014.

Further, plaintiff failed to appear for oral argument as required by the Berks County Rules of Civil Procedure, whereby the court heard oral argument by defendant only and entered the order granting defendant's motion for judgment on the pleadings for the reasons stated above, and pursuant to Berks County Rule of Civil Procedure 211.5(c) which provides as follows:

"If a party fails to appear and argue his case at the time scheduled, the court may hear argument of one party nevertheless, may consider the position of the party so failing to appear and argue as abandoned and may, without further notice, order the matter granted or dismissed with prejudice, depending on which party has failed to appear, or act upon the matter in such manner as the court deems appropriate, including the imposition of sanctions for failure to comply with these rules."