**Francis X. RYAN, Plaintiff,**

v.

**BERWICK INDUSTRIES, INC.,
et al., Defendants.**

No. 4:CV–97–1258.

United States District Court,
M.D. Pennsylvania.

Dec. 31, 1998.

Joseph E. Campbell, Law Offices of Joseph E. Campbell, Philadelphia, PA, for plaintiff.

Vincent Candiello, William E. Doyle, Jr., Morgan, Lewis & Bockius, Harrisburg, PA, Douglas E. Ede, Miami, FL, John E. Hall, Eckert Seamans Cherin & Mellott, Pittsburgh, PA, for defendants.

### *MEMORANDUM*

McCLURE, District Judge.

### *BACKGROUND:*

On August 15, 1997, plaintiff Francis X. Ryan commenced this employment discrimination action against Berwick Industries, Inc. ("Berwick") and Henry T. Doherty ("Doherty") with the filing of a complaint pursuant to, *inter alia*, the Veterans Reemployment Rights Act ("VRRA"), 38 U.S.C. §§ 4301–4307.

By order dated January 13, 1998, this court dismissed plaintiff's state law claims for the intentional infliction of emotional distress. Thereafter, Berwick filed a motion for reconsideration, *see* record document no. 14, asserting that plaintiff's punitive damage claim should be dismissed as well. By order dated April 29, 1998, this court granted Berwick's motion for reconsideration in part pursuant to FED.R.CIV.P. 59(e). We dismissed plaintiff's punitive damage claim, holding that the amended version of VRRA, effective in 1994, *did not* apply retroactively to plaintiff's cause of action which accrued on the date of plaintiff's discharge from Berwick's employ in 1991.

Presently before the court are the following pending motions:

A motion filed by Berwick (record document no. 28) to strike jury demand and for partial summary judgment; and a motion filed by plaintiff (record document no. 49) to amend plaintiff's response to Berwick's first request for admissions.

For the reasons which follow, we will grant Berwick's motion to strike jury demand and for partial summary judgment, and we will grant plaintiff's motion to amend plaintiff's response to Berwick's first request for admissions.

### *DISCUSSION:*

#### *I. Motion to Strike Jury Demand*

Berwick contends that plaintiff is not entitled to a jury trial on either his VRRA or his Pennsylvania Military Affairs Act ("PMAA") claims, as both statutes authorize relief which is equitable in nature. In plaintiff's response to Berwick's motion to strike jury demand, *see* Plaintiff's Memorandum in Response to Berwick's Motion [hereinafter "Plaintiff's Memorandum"] (record document no. 32), plaintiff addresses only his cause of action under the PMAA. Therefore, we find that Berwick's motion as it relates to plaintiff's VRRA claim is unopposed, and we will therefore grant the motion as it relates to plaintiff's VRRA claim.

We now turn to plaintiff's PMAA claim. Plaintiff contends that he is entitled to a jury trial under the PMAA and Article I, Section 6 of the Pennsylvania Constitution. *See* Plaintiff's Memorandum at 1. In support of his argument, plaintiff states that Article I, Section 6 of the Pennsylvania Constitution provides that "[t]rial by jury shall be as heretofore and the right thereof shall remain inviolate." *Id.* at 2. We disagree with plaintiff's argument.

First, both parties agree that the PMAA does not expressly provide a right to trial by jury. With this as our starting point, we turn to *Wertz v. Chapman Township,* 709

A.2d 428 (Pa.Commw.Ct.1998) for direction on this issue. In *Wertz*, the court rejected plaintiff's claim for trial by jury on her PHRA claim under Article I, Section 6 of the Pennsylvania Constitution because the PHRA did not exist at the time the Pennsylvania Constitution was adopted. *Wertz*, 709 A.2d at 432-33. Specifically, the court stated: "We agree with the Superior Court in *Murphy* that Art. 1, Section 6 only preserves the right to a jury in those cases where it existed at the time the constitution was adopted." *Id.* (citations omitted) (underscore added).

Applying this rationale to the case at bar, it is evident that plaintiff is not entitled to a jury trial under the PMAA since the PMAA was not in existence at the time of the adoption of the Pennsylvania Constitution. Moreover, we reject plaintiff's argument that our case is distinguishable from *Wertz* on the grounds that in *Wertz*, the court determined that the plaintiff was not entitled to a jury trial because of the language of the PHRA. *See* Plaintiff's Memorandum at 2. In fact, the court's rationale is unambiguous on its face when it states that it "cannot conclude that the PHRA provides a statutory right to a jury trial" and therefore it must "confront the question of whether Art. I, Section 6 of the Pennsylvania Constitution requires a jury trial here." *Wertz* at 432-33.

Accordingly, based on the court's opinion in *Wertz v. Chapman Township*, we find that plaintiff is not entitled to a jury trial for his claim under the PMAA by virtue of Article I, Section 6 of the Pennsylvania Constitution. Therefore, we will also grant Berwick's motion to strike the jury demand as it relates to plaintiff's PMAA claim.

## II. Motion for Partial Summary Judgment

### A. Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that *there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.*" FED.R.CIV.P. 56(c) (emphasis added).

... [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. He or she can discharge that burden by "showing ... that there is an absence of evidence to support the nonmoving party's case." *Celotex* at 323, 325, 106 S.Ct. 2548.

Issues of fact are genuine "only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 694 (3d Cir.1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Material facts are those which will affect the outcome of the trial under governing law. *Anderson* at 248, 106 S.Ct. 2505. In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir.1988).

### B. Statement of Undisputed Material Facts

Along with its motion for partial summary judgment, Berwick filed a statement of undisputed material facts (record document no. 29). Rule 56.1 of the Local Rules for the Middle District provides, in pertinent part, as

follows: "The papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts, responding to the numbered paragraphs set forth in the statement [of material facts required of the movant], as to which it is contended that there exists a genuine issue to be tried." LR 56.1.

■ In contravention of LR 56.1, plaintiff failed to file a statement of material facts responding to that of Berwick's. Therefore, we will deem Berwick's statement of material facts to be undisputed for purposes of this motion.

\*       \*       \*       \*       \*       \*

1. Plaintiff's employment with Berwick Industries, Inc. terminated on August 15, 1991. *See* Defendant Berwick Industries, Inc.'s First Request for Admissions.

\*       \*       \*       \*       \*       \*

Berwick contends that plaintiff failed to respond to its First Request for Admission, or otherwise seek an extension of time, within the time period permitted by FED.R.CIV.P. 36, and therefore, the requested admissions are deemed to have been admitted by plaintiff. *See* Berwick's Motion to Strike Jury Demand and Motion for Partial Summary Judgment [hereinafter "Berwick's Motion"] at ¶ 2. Thus a fact that was deemed admitted by virtue of plaintiff's failure to respond was that his employment with Berwick terminated on August 15, 1991. *Id.* Since plaintiff filed this action on August 15, 1997, Berwick contends that his PMAA claim is barred by the applicable two-year statute of limitations. For the reasons which follow, we agree with Berwick's argument and will grant summary judgment in its favor as to plaintiff's PMAA claim.

### C. PMAA Claim Barred by Two–Year Statute of Limitations

The PMAA contains no enforcement procedure and no express statute of limitations. *See* 51 PA.CONS.STAT.ANN. § 7309. Therefore, plaintiff contends that the six-year catch-all statute of limitations pursuant to 42 PA.CONS.STAT.ANN. § 5527 applies to his PMAA claim. We disagree.

■ We believe that the applicable statute of limitations for claims made under the PMAA is two years. We find *Long v. Board of Educ. Of the City of Philadelphia,* 812 F.Supp. 525, 534 (E.D.Pa., 1993) (citing *Raleigh v. Westinghouse Electric Corp.,* 379 Pa.Super. 606, 550 A.2d 1013, 1014 (Pa.Super.1988), *appeal den'd,* 522 Pa. 613, 563 A.2d 499 (Pa.1989)) instructive on this issue. There the court applied the two-year statute of limitations to claims made under the Pennsylvania Human Relations Act ("PHRA"). As argued by Berwick, this authority is especially compelling, because both the PHRA and the PMAA prohibit employment discrimination, and neither contains an express statute of limitations. Accordingly, we believe that the Pennsylvania Supreme Court would apply a two-year statute of limitations to a statutory employment discrimination claim where the Pennsylvania statute is silent on the matter, as is the PMAA.

Therefore, since plaintiff's employment was terminated on August 15, 1991 and plaintiff commenced this action on August 15, 1997, more than two years after the expiration of the statute of limitations, we find that there is no genuine issue of material fact and Berwick is entitled to summary judgment as to plaintiff's PMAA claim.

### III. Motion to Amend Plaintiff's Response to Berwick's First Request for Admissions

■ Plaintiff contends that with respect to Berwick's first request for admissions, plaintiff understood Berwick's third request to be an admission that the allegations made in plaintiff's PHRC complaint were true and correct to the best of plaintiff's knowledge. *See* Plaintiff's Motion to Amend Response at ¶ 6. However, Berwick interpreted plaintiff's admission as an admission to the truth and validity of all of the underlying statements concerning discrimination which plaintiff stated in his complaint as reasons for the termination of his employment with Berwick. *Id.* at ¶ 7.

Therefore, plaintiff is moving this court to amend his response to Berwick's request for admission. In pertinent part, FED.R.CIV.P . 36(b) states as follows:

**(b) Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits·withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

FED.R.CIV.P. 36(b).

Here, we find that Berwick will not be prejudiced in maintaining a defense on the merits if plaintiff is allowed to amend his response to Berwick's request for admission. As plaintiff states in his motion, Berwick has deposed plaintiff on two different occasions regarding the complaint filed with the PHRC. Therefore, in accordance with FED. R.CIV.P. 36(b), we will grant plaintiff's motion to amend his response to Berwick's first request for admissions.[1]

*CONCLUSION:*

For the reasons stated in this memorandum, we will grant Berwick's motion to strike jury demand and for partial summary judgment, and we will grant plaintiff's motion to amend plaintiff's response to Berwick's first request for admissions. An appropriate order will issue.

---

**1.** Attached as Exhibit A to plaintiff's motion to amend (record document no. 49) is plaintiff's amended response, deemed as such by the court.