Lori L. KUHN, n/k/a Lori L. Lewis, Plaintiff,

v.

OEHME CARRIER CORP. and John Green, Defendants.

Civil Action No. 02–CV–9057.

United States District Court, E.D. Pennsylvania.

March 20, 2003.

Sandra Edwards Gray, Lancaster, PA, for Plaintiff.

Gary D. Melchionni, Stevens & Lee, Lancaster, PA, for Defendants.

### OPINION AND ORDER

VAN ANTWERPEN, District Judge.

Plaintiff Lori Lewis ("Lewis") asserts claims against her former employer and supervisor under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.* and common law claims of wrongful termination, negligence, assault and battery and invasion of privacy.[1] All of Lewis's claims stem from her employment with Oehme Carrier Corp. from June

18, 1998 through July 19, 2000. She alleges that she was sexually harassed and assaulted by her supervisor, defendant Green, that Oehme Carrier Corporation did nothing to stop this abuse despite her complaints, and that she was wrongfully terminated on July 19, 2000 in retaliation for making those complaints. Defendant Oehme Carrier Corp. ("Oehme") now moves this court to abstain from hearing Lewis's federal complaint because she has filed a concurrent state complaint or to stay Lewis's state action while her federal action proceeds or, in the alternative, to dismiss Lewis's state law claims against the defendant corporation enumerated in Counts III, IV and V of her complaint on the basis that Lewis failed to exhaust her administrative remedies, that the complaints are time-barred, or that they fail to state a cause of action. Specifically, Oehme argues that we should abstain or stay on the basis of the *Colorado River* abstention doctrine derived from *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In the alternative, Oehme argues that Lewis cannot bring a PHRA claim because she never requested that the Equal Employment Opportunity Commission ("EEOC") forward her charge to the Pennsylvania Human Relations Commission ("PRHC") for investigation, that Lewis cannot bring her claim that Oehme was negligent in its supervision of Green or that Oehme wrongfully terminated her employment because the statute of limitations has run, and that Lewis has in any event not stated a claim upon which relief can be granted as to these state law counts. For the reasons stated below, we deny Oehme's motion to dismiss or stay, grant Oehme's motion to dismiss Lewis's negligence and wrongful termination

---

1. We note that it appears that individual employees cannot be held liable under Title VII.

*Dici v. Com. of Pa.,* 91 F.3d 542, 552 (3d Cir.1996).

counts and deny Oehme's motion to dismiss Lewis's PHRC count.

## I. STATEMENT OF JURISDICTION

We have jurisdiction to hear claims alleging violations of Title VII under our federal question jurisdiction, 28 U.S.C. § 1331. The plaintiff's state law PHRA, negligence and wrongful termination claims arise out of the same transaction and occurrence, and we exercise our supplemental jurisdiction to hear them under 28 U.S.C. § 1367(a).

## II. STANDARD OF REVIEW

■■■■ A federal district court may dismiss a cause of action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In deciding a motion to dismiss based on Rule 12(b)(1), a "district court is not limited to the face of the pleadings." *Armstrong World Indus. v. Adams*, 961 F.2d 405, 411 n. 10 (3d Cir.1992). When a court clearly has subject matter jurisdiction over a cause of action, "abstention rarely should be invoked, because federal courts have a 'virtually unflagging obligation … to exercise the jurisdiction given them.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 705, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (*quoting Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236, 47 L.Ed.2d 483).

■■■■ Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint in whole or in part "for failure to state a claim upon which relief can be granted." In reviewing a motion to dismiss under Rule 12(b)(6), "all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party." *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir.1987). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *D.P. Enterprises v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir.1984).

## III. FACTUAL BACKGROUND

Lewis was hired by Oehme as a truck driver on June 18, 1998. Beginning on that date and continuing for the duration of her employment, Lewis was subjected to sexual harassment by Green, both in private and in the presence of other employees. The harassment included physical assault. Lewis complained to members of Oehme's management staff, but they did not stop the harassment or discipline Green. Instead, on July 19, 2000, Lewis was fired after she returned without a load in her truck. Lewis alleges that this was pretextual, because other employees who returned without a full load were not fired, and that her employment was terminated in retaliation for her complaints of sexual harassment at the hands of Green.

Lewis filed a charge with the EEOC on or about January 16, 2001. In the "local or state agency" section of the EEOC's charge form, she listed the Lancaster County Human Relations Commission. (*See* Def. Mot. Exh. B, unnumbered p. 2). She did not, however, check the box next to the statement "I want this charge filed with both the EEOC and the State or Local Agency, if any." (*See Id.*). Nevertheless, on or about July 23, 2002, the Lancaster County Human Relations Commission ("LCHRC") issued a "Probable Cause of Discrimination" letter and gave Lewis the right to sue on the basis of its findings. (*See* Def. Mot. Exh. A, unnumbered p. 18–19). On September 17, 2002, the EEOC issued a "right-to-sue" letter to the plaintiff. (*See Id.*, unnumbered page 17).

On December 13, 2002, Lewis filed this action in federal court.[2] On December 17, 2002, she filed an action in the Court of Common Pleas of Lancaster County, Pennsylvania, which she amended on February 11, 2002. Her Amended Complaint in the Court of Common Pleas alleges violations of Lancaster County Ordinance No. 30, the county-level version of the Pennsylvania Human Relations Act, and common law wrongful termination on the part of Oehme. Green is not a party to the state action. Defendant filed the instant motion on February 19, 2003. Presently before us are Defendant Oehme Carrier Corp.'s Motion to Stay or Dismiss Action or, in the Alternative, Dismiss Counts III, IV and V of Plaintiff's Complaint and accompanying memorandum, filed February 19, 2003 and Plaintiff, Lori L. Kuhn's Memorandum of Law in Opposition to Defendant Oehme Carrier Corporation's Motion to Stay or Dismiss Action or, in the Alternative, Dismiss Counts III, IV and V of Plaintiff's Complaint, filed March 17, 2003.

## IV. DISCUSSION

### A. Motion to Dismiss by Abstention or to Stay

■ Oehme urges this court to dismiss Lewis's complaint or stay her state action on the basis of the *Colorado River* abstention doctrine, which provides that where a parallel action is pending in state court that may effectively or more efficiently resolve the dispute between the parties, a federal court should dismiss the federal action.[3] 424 U.S. 800, 96 S.Ct. 1236, 47

L.Ed.2d 483. The doctrine is based on considerations of judicial economy especially in areas of complex litigation. *Id.* at 817, 96 S.Ct. 1236.

■ Typically, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1950). Only "exceptional circumstances" may justify a federal district court to abstain from hearing a cause of action over which it has subject matter jurisdiction. *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188–189, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959). *Colorado River* did nothing to change this general rule, but rather defined several factors that a district court should consider in determining whether "exceptional circumstances" exist when parallel actions are pending in state and federal court. *See* 424 U.S. at 818–20, 96 S.Ct. 1236.

■ The first step in deciding whether to abstain on the basis of *Colorado River* is to determine whether parallel proceedings exist. If they do, then the Court has developed six factors which are relevant to the determination of whether exceptional circumstances exist justifying abstention: 1) whether one court has first obtained jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which the state and federal courts obtained jurisdiction; 5) the

**2.** Oehme claims that "it is undisputed" that the plaintiff filed this federal action on December 18, 2002, one day after she filed her state action. Not only is this claim disputed, but in fact, a brief perusal of the docket in this case makes plain that the plaintiff filed her federal complaint on December 13, 2002, four days *before* she filed her state action. We will assume that defendant's counsel acted in good faith on a mistaken belief as to the

actual date of filing, but we caution that should further inaccurate factual statements be made by Oehme, we will impose sanctions under Rule 11 of the Federal Rules of Civil Procedure.

**3.** Plaintiff makes no response to defendant's argument under *Colorado River,* but does argue that *Pullman* abstention does not apply in this case. We agree.

source of law that will provide the rules of the decision; and 6) the adequacy of the state court proceeding to protect the rights of the parties. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 15–16, 25–26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Consideration of these factors is not to be mechanical, but must take into account the circumstances of the case. *Id.* at 16, 103 S.Ct. 927. However, "only the clearest of justifications will warrant dismissal." *Colorado River,* 424 U.S. at 819, 96 S.Ct. 1236, 47 L.Ed.2d 483.

### 1. *Parallel Proceedings*

■■■■ Oehme contends that this action presents a "textbook case" of parallel proceedings. We disagree. Proceedings need not be identical to be parallel. *Fidelity Fed'l Bank v. Larken Motel Co.,* 764 F.Supp. 1014, 1016–17 (E.D.Pa.1991). In some Circuits, all that is required is that "substantially the same parties litigate substantially the same issues in different forums." *McLaughlin v. United Virginia Bank,* 955 F.2d 930, 935 (4th Cir.1992); *Schneider Nat'l Carriers, Inc. v. Carr,* 903 F.2d 1154, 1156 (7th Cir.1990). However, the Third Circuit has held that "when a federal court case involves claims that are distinct from those at issue in a state court case, the cases are not parallel and do not justify *Colorado River* abstention." *Trent v. Dial Medical of Florida, Inc.,* 33 F.3d 217, 224 (3d Cir.1994). Indeed, "[i]t is important ... that only truly duplicative proceedings be avoided. When the claims, parties, or requested relief differ, deference may not be appropriate." *Complaint of Bankers Trust Co. v. Chatterjee,* 636 F.2d 37, 40 (3d Cir.1980). Where there is a "lack of identity of all issues," the cases are not parallel. *University of Maryland at Baltimore v. Peat Marwick Main & Co.,* 923 F.2d 265, 276 (3d Cir.1991).

■■■■ It is clear that Lewis's state and federal cases are not "truly duplicative" and involve both distinct issues and distinct parties, though they may arise from a common nucleus of operative facts. First, Green is not a party to the state action. He is named as a defendant only in the federal action. Because he is accused, on the basis of his own conduct, of violating the plaintiff's rights under Title VII, his inclusion in the case makes clear that the federal action involves substantially different parties and claims, even though Oehme is a defendant in both cases. Abstention is appropriate only where the two cases involve the same parties and claims. *Ryan v. Johnson,* 115 F.3d 193, 196 (3d Cir. 1997). Second, in the state action, Oehme is sued pursuant only to a Lancaster County ordinance. Here, Oehme is subject to liability under Title VII and the PHRA. Thus, the legal issues involved are not identical. *University of Maryland,* 923 F.2d at 276. Finally, the relief sought, because Green is a party, is different from that sought in the state case. Thus, we find that Lewis's state and federal cases are not parallel.

### 2. *Colorado River Factors*

Although we have found that the plaintiff's state and federal cases are not parallel for purposes of *Colorado River* abstention, we consider the factors under that doctrine assuming, *arguendo,* that the cases are parallel.

#### a. Which Court First Obtained Jurisdiction Over Property

We need not discuss this factor because no property is involved in this case.

#### b. The Inconvenience of the Federal Forum

■■■■ Defendant Oehme contends that the federal forum is inconvenient because

the parties, the evidence and potential witnesses all reside in Lancaster County. It may be true that Lancaster County would be a more convenient place to hold proceedings on this matter than would be Philadelphia or Easton, but that county is within the geographical area covered by the Eastern District of Pennsylvania District Court. Clearly, the inconvenience to the parties is not so great as to justify dismissal.

### c. The Desirability of Avoiding Piecemeal Litigation

 As the Third Circuit has recognized, whenever there exist parallel proceedings in state and federal court, there will be some risk of piecemeal litigation. *Ryan*, 115 F.3d at 198. If this risk always led to abstention, "the century old principle ... that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction" would be obliterated. *Id.* (internal citations omitted). Thus, it is only when "there is a specific Congressional policy against piecemeal litigation in the specific context of the case under review" that this factor weighs in favor of abstention. *Id.* We are aware of no Congressional policy requiring that all claims of sexual harassment be adjudicated in the state courts.

### d. Which Court Obtained Jurisdiction First

 As we have noted previously, although Oehme claimed in its Motion that Lewis filed her federal complaint after she filed her state complaint, in fact, she filed her federal complaint first. Thus, this factor weighs against abstention.

### e. Source of Law Governing the Decision

Federal law will govern the plaintiff's Title VII claims. To the extent that reference to state law will be necessary to resolve the PHRA and common law claims against Green, we believe that the ability of the federal courts to resolve such claims is a commonplace.

### f. The Adequacy of the State Proceedings to Protect the Parties' Rights

There is no evidence that the state forum will be inadequate to protect the rights of the parties, but this does not weigh heavily in favor of abstention.

 Given that abstention is an "extraordinary and narrow exception to the district court's duty to adjudicate a controversy properly before it, justified only in the exceptional circumstances where resort to state proceedings clearly serves an important countervailing interest," we find, upon consideration of the *Colorado River* factors, that abstention would not be appropriate in this case even if there were parallel proceedings. *United Services Auto. Ass'n v. Muir*, 792 F.2d 356, 360–61 (3d Cir.1986). We decline to grant a stay for the same reasons. We also choose to exercise supplemental jurisdiction to hear the plaintiff's state law claims because they arise from the same transaction and occurrence as her federal claims.[4]

## B. Alternative Motion to Dismiss Counts III, IV and V

### 1. *Count III—PHRA Claim Against Oehme*

Oehme contends that Lewis may not maintain an action under the PHRA because she did not exhaust her remedies

---

**4.** We find, however, that the plaintiff's state law wrongful discharge and negligence claims are time-barred. *See infra* Part IV.B.2.

under that act by filing a charge with, and waiting for the investigation of, the PHRC. Oehme bases its argument on the fact that Lewis failed to check the box marked "I want this charge filed with both the EEOC and the state or local agency if any" on her charge form. (*See* Def. Mot. Exh. B, unnumbered p. 2). While this is true, Oehme's contention is without merit.

■ A plaintiff must exhaust the administrative remedies provided under the PHRA before commencing suit for wrongful discharge of employment in violation of the Act. *Clay v. Advanced Computer Applications,* 522 Pa. 86, 559 A.2d 917, 919 (1989). The PHRA created the PHRC to consider complaints brought under that statute. 43 P.S. §§ 956, 957(f). The PHRA also authorized the creation of human relations commissions by political subdivisions with the same powers and responsibilities as the PHRC. 43 P.S. § 962.1(d). The LCHRC is one of these, and Lancaster County Ordinance No. 30 is the county statute that lays out its authority and duties. Whenever the a local agency created by the PHRA, such as the LCHRC, receives a charge of discrimination within its jurisdiction, it is required to notify the PHRC of that charge. 43 P.S. § 962.1(e).

■ Although Lewis failed to check the box requesting the EEOC forward her charge to a state or local agency, she did fill in, at the top of the page, the line for "state or local agency, if any." In that line, she placed the name of her county-level agency, the "Lancaster [County] Human Relations Commission." (*Id.*) Despite Lewis's failure to request that the EEOC notify the LCHRC, the EEOC clearly did so, as evidenced by the fact that Lewis received a right-to-sue letter from both agencies. (*See* Def. Mot. Exh. A, unnumbered p. 17–19). When the plaintiff received her right-to-sue letter from the LCHRC, she exhausted her administrative

remedies under Lancaster County Ordinance No. 30. The question is whether, by filing with the EEOC and the LCHRC and exhausting her remedies with respect to both, Lewis also exhausted her remedies under the PHRA. We find that she did.

As we have noted, the LCHRC was empowered with the same power to enforce the PHRA's anti-discrimination provisions as the PHRC. 43 P.S. § 962.1(d). Moreover, the LCHRC was statutorily obligated to report Lewis's charge to the PRHC. 43 P.S. § 962.1(e). The PHRC, in turn, was statutorily obligated to investigate. 43 P.S. § 959(b)(1) (The PHRC must investigate "[a]fter the filing of any complaint, or whenever there is reason to believe that an unlawful discriminatory practice has been committed.") The PHRC is authorized by statute to enter into worksharing agreements with local agencies like the LCHRC, under which the local agency conducts the investigation. 43 P.S. § 957(n). Thus, when the LCHRC investigated and issued its right-to-sue letter, it did so in lieu of such actions by the PHRC. *See Kedra v. Nazareth Hosp.,* 857 F.Supp. 430, 432–33 (E.D.Pa.1994) (discussing the relationship between local human relations commissions and the PHRC and finding that local agencies may conduct investigations in lieu of the PHRC). In light of the facts that Lewis exhausted her remedies with respect to the LCHRC, that the LCHRC was obligated by statute to notify the PHRC, that the PHRC was obligated by statute to conduct an investigation, and that the LCHRC was authorized by statute to conduct an investigation in lieu of the PHRC, we find that the plaintiff exhausted her remedies with respect to the PHRC and may maintain an action under the PHRA. *Kedra,* 857 F.Supp. at 433; *Davis v. United States Steel Supply, Div. of United States Steel Corp.,* 581 F.2d 335, 339 (3d Cir.1978) (filing with Pittsburgh Human Relations

Commission sufficient to maintain private cause of action for violation of PHRA); *Diep v. Southwark Metal Mfg. Co.*, 2001 WL 283146, at *5 (E.D.Pa. Mar.19, 2001) (holding that filing with Philadelphia CHR exhausted remedies under PHRA and collecting similar cases); *Jackson v. Good Lad Co., Inc.*, No. 93–2362, 1994 WL 156930, at *8 n. 4 (E.D.Pa. April 28, 1994) (filing with Philadelphia CHR may serve to exhaust administrative remedies under the PHRA) (dictum); *Lyon v. Temple Univ. of the Commonwealth Sys. of Higher Educ.*, 543 F.Supp. 1372, 1377 (E.D.Pa. 1982) (state or local administrative action by plaintiffs sufficient to exhaust administrative remedies under PHRA); *Marriott Corp. v. Alexander*, 799 A.2d 205, 208 (Pa. Cmwlth.2002) (same); *cf. Woodson v. Scott Paper Co.*, 109 F.3d 913, 927 n. 15 (3d Cir.1997) (implying approval of *Kedra* by explicitly stating that the court's holding that filing with the EEOC without crossfiling with the PHRC or a local human rights commission could not exhaust remedies under the PHRA did not conflict with *Kedra.*) We therefore decline to dismiss Lewis's PHRA action against Oehme.

### 2. *Counts IV and V—Wrongful Discharge and Negligence*

Oehme argues that the plaintiff has filed her wrongful discharge and negligence claims beyond the statute of limitations applicable to them and that they therefore must be dismissed. The plaintiff makes no response to this argument, except baldly to assert that she filed within the applicable period.

▆▆▆▆ The statute of limitations governing claims of wrongful discharge and negligence is two years in Pennsylvania. 42 P.S. §§ 5524; *Raleigh v. Westinghouse Elec. Corp.*, 379 Pa.Super. 606, 550 A.2d 1013 (1998) (wrongful discharge on the basis of racial discrimination claim covered by two year statute of limitation); *Home Indemnity Co. v. Alexander & Alexander,*

*Inc.,* 1990 WL 181467 (E.D.Pa.1990). In both cases, the limitations period is calculated from the date the cause of action accrues. 42 P.S. § 5502(a). When an employee claims she was wrongfully discharged, her cause of action accrues as of the date she knows or has reason to know the injury which is the basis of the action. *Fraser v. Pennsylvania State System of Higher Educ.*, 1994 WL 242527, at *6–7 (E.D.Pa.1994). An action accrues for the tort of negligence "on the date of the accident or injury." *Gibson v. Commonwealth,* 490 Pa. 156, 415 A.2d 80, 83 (1980).

▆▆▆▆ Giving the plaintiff the benefit of the doubt, the last day on which her cause of action could have accrued was the last day she had anything to do with Oehme, July 19, 2000. Her cause of action for both wrongful discharge and negligence accrued, at the latest, on that date. She therefore had until July 19, 2002 to file suit on those causes of action. Having filed on December 13, 2002, Lewis missed the deadline by approximately five months. The plaintiff has done no more than baldly assert that she did not miss the deadline, and there is therefore no basis upon which we could find that equitable tolling of the statute of limitation is warranted. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). We therefore grant Oehme's motion to dismiss Counts IV and V. Because we dismiss these counts, we need not consider Oehme's alternative argument that they fail to state a claim upon which relief may be granted.

### V. CONCLUSION

There is no basis for exercising our narrow and limited discretion to abstain under *Colorado River.* The plaintiff has exhausted her remedies as required by the PHRA by filing with, and receiving right-to-sue letters from, the EEOC and the LCHRC,

and therefore may maintain an action under that act. The plaintiff's wrongful discharge and negligence claims against Oehme are time-barred. The defendant's motion to abstain is denied, it motion in the alternative to dismiss the plaintiff's PHRA, wrongful discharge and negligence claims is denied with respect to the PHRA claim and granted with respect to the wrongful discharge and negligence claims. An appropriate order follows.

### ORDER

AND NOW, this 20th day of March, 2003, upon consideration of Defendant Oehme Carrier Corp.'s Motion to Stay or Dismiss Action or, in the Alternative, Dismiss Counts III, IV and V of Plaintiff's Complaint and accompanying memorandum, filed February 19, 2003 and Plaintiff, Lori L. Kuhn's Memorandum of Law in Opposition to Defendant Oehme Carrier Corporation's Motion to Stay or Dismiss Action or, in the Alternative, Dismiss Counts III, IV and V of Plaintiff's Complaint, filed March 17, 2003, it is hereby ORDERED that:

1. Defendant Oehme's Motion to stay or dismiss the plaintiff's complaint on the basis of *Colorado River* abstention is DENIED;

2. Defendant Oehme's Motion in the alternative to dismiss Count III of the plaintiff's complaint is DENIED;

3. Defendant Oehme's Motion in the alternative to dismiss Counts IV and V of the plaintiff's complaint is GRANTED;

 a. Count IV of the plaintiff's complaint is DISMISSED with prejudice as time-barred as against defendant Oehme;

 b. Count V of the plaintiff's complaint is DISMISSED with preju-

dice as time-barred as against defendant Oehme.