CLD-134                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1431
_____

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                                                                    Appellant

v.

CHUCK MATHEWS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-00875)
District Judge:  Honorable Robert J. Colville
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 6, 2024

Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 21, 2024)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In a complaint removed from state court, Justin Martinez sued Chuck Mathews, a manager at his former employer, Unifirst, bringing claims relating to the termination of his employment. In seeking to proceed under 42 U.S.C. § 1983, he alleged that Mathews had engaged in a conspiracy to violate his civil rights and had infringed his rights under the First and Fourteenth Amendment. **ECF No. 1-1 at 4-5.** He also asserted that Mathews did not respect the requirement for a nondiscrimination clause in state contracts and had violated several provisions of Pennsylvania's Crimes Code and a rule for attorneys in the Pennsylvania Rules of Professional Conduct. **ECF No. 1-1 at 5.** On Mathews' motion, the District Court dismissed the complaint. Martinez appeals.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion to dismiss for failure to state a claim. See St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020). We may affirm on any ground supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). Upon review, we will summarily affirm the District Court's ruling because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Martinez sought to hold Mathews liable under § 1983, but there is no allegation or suggestion that the manager at his former employer, a private company, acted "under color of state law," which is "an essential element of a § 1983 claim." Kach v. Hose, 589 F.3d 626, 633 (3d Cir. 2009). And, while a private actor can act "under color of state

2

law" for purposes of § 1983 by participating in a conspiracy with state officials (for example, by acting with the help of, or in concert with, state actors), see Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998), Martinez did not plausibly plead such a conspiracy. See id. at 148 (describing as insufficient a complaint that "contains conclusory allegations of concerted action but is devoid of facts actually reflecting joint action"); see also Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (explaining that conspiracy claims may not be based "merely upon . . . suspicion and speculation" and also stating that general allegations of conspiracy not based on facts are conclusions of law that are insufficient to state a claim).

Martinez also alleged that Mathews committed several crimes under Pennsylvania state law, but the relevant statutes do not provide an explicit or implied private right of action for him to sue Mathews. See D'Errico v. DeFazio, 763 A.2d 424, 429 (Pa. Super. Ct. 2000) ("To determine whether [a criminal] statute implies a private right of action, we must . . . determine 1) whether [the plaintiff is] among the class for whose especial benefit the statute was enacted; 2) whether there is an indication of legislative intent, explicit or implicit, either to create such a remedy or to deny it; and 3) whether such a remedy is consistent with the underlying purposes of the legislative scheme to imply such a remedy."); cf. Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare [federal] criminal statute"); cf. also Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (noting that private

3

citizens cannot compel enforcement of criminal law).  And even if Martinez could enforce the rule of professional conduct or the nondiscrimination clause in the Pennsylvania administrative code that he cites, those provisions are inapplicable to his employment relationship.[1]

It is not entirely clear whether Martinez also sought to pursue claims under Pennsylvania law for wrongful termination and/or interference with his unemployment benefits.  But, to the extent that he did, those claims were time-barred.  Martinez attached exhibits to his complaint to support his claims.  In the exhibits, there is information about the date of his termination; the date that someone else at his former employer issued the letter that allegedly interfered with his benefits; and the date that he was told that his unemployment benefits would not be paid.  See, e.g., ECF No. 1-1 at 25, 36.  It is clear that those events, which triggered his claims, occurred more than two years before he filed his complaint in state court on May 4, 2023.  ECF No. 1-1 at 2 (state court docket sheet) & 4 (complaint).[2]  Given the timing of his filing, and the absence of a basis for

---

[1] The state contracts to which he refers are defined, in relevant part, as agreements between the Commonwealth of Pennsylvania or a State contracting agent and a person to be paid by public funds or in-kind contributions from the Commonwealth.  16 Pa. Code § 49.1.

[2] In support of his appeal, Martinez concedes that he was terminated from his employment in February 2021 but argues that he timely filed suit because he "originally filed" his complaint on July 22, 2022, against Mathews as a "named conspirator."  3d Cir. Doc. No. 10 at 7.  He attached a complaint filed on July 22, 2022, as "Exhibit 1" to his complaint filed on May 4, 2023.  ECF No. 1-1 at 13-18.  But that July complaint, in

4

equitable tolling, the claims (to the extent he presents them) are untimely.  See 42 Pa.

Cons. Stat. § 5524; cf. Raleigh v. Westinghouse Elec. Corp., 550 A.2d 1013, 1014 (Pa.

Super. Ct. 1988).

We additionally conclude that the District Court did not abuse its discretion in

ruling that amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d

103, 114 (3d Cir. 2002).  And, lastly, we have reviewed the record for evidence to

support Martinez's claims of judicial "bullying" and "bias/prejudice" in the District

Court, see, e.g., 3d Cir. Doc. No. 10 at 4, 6, & 8, and we see none.

For these reasons, we will affirm the District Court's judgment.  The motion to

transfer this case is denied.

---

which Unifirst was the named defendant, is not the removed complaint against Mathews
that underlies this appeal.